DAVIS v. SUMMERFIELD.

(Filed November 25, 1902.)

ADJOINING LAND OWNERS—*Excavations—Lateral Support—Notice—Negligence—Damages.*

It is negligence to excavate by the side of the wall of an adjoining land-owner without giving notice of the extent and plan of the proposed excavation.

Action by B. Davis against M. & C. Summerfield, heard by Judge *Walter H. Neal* and a jury, at March Term, 1902, of the Superior Court of DURHAM County. From a judgment for the plaintiff, the defendant appealed.

*Boone, Bryant & Biggs,* for the plaintiff.
*Winston & Fuller,* for the defendants.

DAVIS *v.* SUMMERFIELD.

CLARK, J. This is an action for damages caused by depriving the soil under plaintiff's wall of its lateral support, by negligence of the defendant while excavating for a new building on an adjoining lot. The right to lateral support has been before this Court in *Hammond v. Schiff,* 100 N. C., 161, and the whole subject is discussed in the very full and elaborate notes to *Larson v. Railroad,* 110 Mo., 234; 33 Am. St. Rep., 446—447; 16 L. R. A., 330. Another full consideration may be found in Jones on Easements, sects. 585—631. There was evidence that the defendant made his excavation two feet deeper than the bottom of the foundation of the plaintiff's wall, causing it to crack and otherwise injuring the plaintiff's building. There was counter-evidence, and the jury as triers of the fact found a verdict for the plaintiff and assessed his damages at $225.

The exceptions presented on the appeal are very numerous and were very fully and ably argued here, as doubtless they also were below. After careful consideration, we find no material error. The only new point or proposition not heretofore decided, and the point perhaps most pressed on the argument, is the following instruction to which the defendant excepted: "While there is evidence that the plaintiff knew that the defendant was going to excavate and build, for she testified to that herself, still the defendant owed to her the duty, which is not an unreasonable one, to tell her of the extent of his proposed plan so she might adopt measures for self-protection, if she chose to do so, and the Court charges you there is no evidence that he gave proper notice to the plaintiff on the line above indicated. To give this notice involves no expense to the proprietor, and affords opportunity to the adjoining owner to protect his rights for improvements made by one proprietor may be attended with disastrous results, even when prosecuted by competent workmen." We see nothing unreasonable or erroneous in this instruction.

So far from giving such notice, when the plaintiff sent over an employee, who said to the male defendant, "Mrs. Davis says please protect her wall, to dig it out in sections," he replied, "I know my business, let her attend to her business." And when in her anxiety about the safety of her building, the plaintiff sent over another person to ask of her defendant "not to hurt her wall" asking that the work might be prosecuted in such a manner as not to endanger her building, the defendant very ungallantly sent the lady back word, "To go to the devil."

The action is not for the defendant's rude speeches, it is true, but certainly after these messages from the plaintiff, showing her anxiety to protect her wall, he at least owed it to her, as his Honor charged, to give her notice of the manner and depth of his proposed excavations.  If informed in that respect she might have placed supports under her wall, or removed weights from the floors or otherwise protected her property; or if plaintiff's plans seemed an illegal invasion of her rights, she might, if so advised by counsel learned in law, have sought protection by an application for an injunction. The defendant's failure to give such notice and information was, under the circumstances, as injurious to the plaintiff as the manner of his refusal was wanting in credit to himself. Jones on Easements, sec. 610; *Spohn v. Dives*, 174 Pa. St., 474; 16 L. R. A., 330; 33 Am. St. Rep., at page 470.

The true rule deducible from the authorities seems to be that, while the adjacent proprietor can not impair the lateral support of the soil in its natural condition, but is not required to give support to the artificial burden of a wall or building superimposed upon the soil, yet he must not dig in a negligent manner to the injury of that wall or building, and it is negligence to excavate by the side of the neighbor's wall, and especially to excavate deeper than the foundation of that wall, without giving the owner of the wall notice of that in-

tention, that he may underpin or shore up his wall, or relieve it of any extra weight on the floors, and the excavating party should dig out the soil in sections at a time so as to give the owner of the building opportunity to protect it and not expose the whole wall to pressure at once. The defendants did not give any notice of the nature of their proposed excavation, and the evidence justified the jury in finding them guilty of negligence.

Upon the whole case substantial justice appears to have been done, and we find no error requiring a new trial.

Affirmed.