DAVIS v. SUMMERFIELD.

(Filed November 10, 1903.)

1. ADJOINING LAND OWNERS—*Excavations—Damages—Independent Contractor.*

Where the damage caused by an excavation might have been reasonably anticipated, the owner of land upon which the excavation is made is liable therefor, though the negligence was that of an independent contractor.

2. INSTRUCTIONS.

An instruction containing a statement of a fact upon which the evidence is conflicting should not be given.

3. ADJOINING LAND OWNERS—*Independent Contractor—Excavations—Notice.*

The employment of an independent contractor to make an excavation adjacent to an abutting owner's wall does not relieve the proprietor from the obligation to give the adjacent owner timely notice of the nature and extent of the intended excavation.

PETITION TO REHEAR this case, reported in 131 N. C., 352.

*R. W. Winston* and *F. L. Fuller,* for the petitioner.
*Boone, Bryant & Biggs,* in opposition.

MONTGOMERY, J. One of the questions presented by this appeal is a most important one, and that question is whether

or not the owner of a city lot is liable for an injury done to an adjoining proprietor's brick wall, through the negligence of an independent contractor in excavating for the purpose of building a wall against and alongside the adjoining proprietor's wall, and where the excavation extended below the foundation of the wall of the adjoining proprietor.

There was evidence offered on the trial tending to show that the excavating, which the jury found was the cause of the injury to the plaintiff's wall, was done by the defendant himself, and from that evidence the jury might have found that the injury was caused by the direct and active agency of the defendant himself. But for the purposes of this discussion it will be assumed that the contractor performed the work.

For what negligent acts of an independent contractor employed to do work entirely under his own control which have resulted in injury to third persons the employer may be liable is a subject that has often been before the courts. The principle appertaining to that relation in respect to such liability is that when work is performed by a competent contractor under an agreement, which imposed upon him complete control and of such persons as he may employ to labor under him, such persons will be the servants of the contractor and not the servants of the employer, and the employer will not be liable for damages arising from injuries caused by negligence of the contractor or his workmen, for the reason that the relation of master and servant does not exist between the employer and the contractor's servant.

In the domain of the law of negligence the general rule is that where an injury has been sustained by one through the negligence of another, the party injured must seek his remedy against that one whose actual negligence caused the injury, and against that one only—he being alone liable. There are exceptions to this general rule, as, for instance, where the rela-

tion of master and servant exists. In that case the negligence of the servant is to be imputed to the maser in cases where the servant, in the performance of the act which causes the injury, is acting within the line of his duty—the scope of his employment. The reasoning upon which this exception rests is perfectly clear; and it is because the servant is acting for the master and by his direction, and the master having selected and being in control of his servant makes him his representative in the business in which he is employed. But in the complication of business and social affairs it is often necessary that some who follow special and independent vocations should be intrusted by others—owners of property—with the alteration or improvement of that property, and such persons are employed in many ways under varying conditions, not as servants to follow the method and plans directed and ordered by the employer, but as independent contractors to do work for which they are specially fitted to do, according to their own ideas and upon their own responsibility. In such a case the duty which the contractor owes arises out of the contract and not under the relation of master and servant, or principal and agent, and the maxim *qui facit per alium facit per se* does not apply; and neither public policy nor the relation between the employer and the independent contractor demands or requires that the negligence of either one should subject the other to liability to third persons. And it seems well established in principle that no liability exists in favor of third persons against the innocent party in such cases. Any person who may have been injured has his remedy against the real one who has done the wrong. There are, of course, exceptions to this rule of exemption, well settled and understood; such as in a case where a statute imposes a duty, or where the contract between the employer and the contractor is unlawful or provides for the execution of an act which when completed will create a nuisance. A statutory duty

cannot be delegated so as to exempt the one who has taken upon himself the duty imposed from responsibility; and one who creates a nuisance would be forbidden by public policy to shield himself, the real author of the wrong, from responsibility by casting it upon another. There is yet another class of cases where there is an exception to the exemption, and that is where the thing contracted to be done is necessarily attended with danger, however skilfully and carefully performed, said by *Judge Dillon* to be "intrinsically dangerous." There the employer cannot escape liability for an injury resulting from the doing of the work, although the act performed might be lawful. 2 Dillon on Mun. Corp., sec. 1029. And there is still another class of cases to be excepted from the exemption, and that is where the contract requires an act to be performed on the premises which will probably be injurious to third persons if reasonable care is omitted in the course of its performance. The liability of the employer in such a case rests upon the view that he cannot be the author of plans and actions dangerous to the property of others without exercising due care to anticipate and prevent injurious consequences. The case before us, it seems to us, falls under this exception to the general rule.

This last class of cases probably ought to be regarded as rather an extension of the one where the act to be done is "intrinsically dangerous" than a separate class.

In the case of *Bower v. Peate,* 1 Q. B. Div., 321 (1875-'76), the facts were almost identical with those in the present case. There the contention of the defendant was that the removal of the soil, to the support of which the adjoining owner was entitled, was not wrongful in itself, and that it only became so when followed by injury to the neighbor; and that, therefore, if such injurious consequences could have been averted by efficient means, artificial, for the natural support previously afforded by the soil, the removal of the soil

was not wrongful; that the defendant engaged the contractor to execute the work and to take the necessary precaution to protect the plaintiff's premises, and therefore, if the work had been done according to the contract, it would have been lawful and would have been attended with no injurious consequences; that the injuries arose from the negligence of the contractor alone, and the defendant was, therefore, entitled to the benefit of the general rule; that when a person employs a contractor to do work, lawful in itself and involving no injurious consequences to others, and damage arises to another from the negligence of the contractor or his servants, the contractor and not his employer is liable. The Court there said: "The answer to the defendant's contention may, however, as it appears to us, be placed on a broader ground, namely, that a man who orders a work to be executed from which, in the natural course of things, injurious consequences to his neighbor might be expected to arise, unless means are adopted by which such consequences might be prevented, is bound to see to the doing of that which is necessary to prevent the mischief, and cannot relieve himself of his responsibility by employing some one else—whether it be the contractor employed to do the work from which the danger arises, or some independent person—to do what is necessary to prevent the act he has ordered to be done from becoming wrongful. There is an obvious difference between committing work to a contractor to be executed from which, if properly done, no injurious consequences can arise, and handing over to him work to be done from which mischievous consequences will arise unless preventive measures are adopted."

In the case of *So. Ohio Ry. Co. v. Morey,* 47 Ohio St., 207; 7 L. R. A., 701, the Court said: "One who causes work to be done is not liable ordinarily for injuries that result from carelessness in its performance by the employees of an independent contractor to whom he has left the work, without

reserving to himself any control over the execution of it. But this principle has no application where a resulting injury, instead of being collateral and flowing from the negligent act of the employee alone, is one that might have been antici- pated as a direct or probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance. In such case a person causing the work to be done will be liable, though the negligence is that of any employee of the independent contractor."

In the case of *City and Suburban R. R. Co. v. Moores,* 80 Md., 352; 45 Am. St. Rep., 345, the Court said: "Even if the relation of principal and agent or master and servant do not, strictly speaking, exist, yet the person for whom the work is done may still be liable if the injury is such as might have been anticipated by him as a probable consequence of the work let out to the contractor, or if it be of such character as must result in creating a nuisance, or if he owes a duty to third persons or the public in the execution of the work."

In *Bonaparte v. Wiseman,* 89 Md., 42; 44 L. R. A., 482, the facts were like those in the case before us, and the Court there cited with approval the two cases last above mentioned, and added: "Under these authorities the appellant would have been liable for injury happening to the house of the appellee from the excavation of his lots if it might reasonably have been anticipated that such injury would probably occur as a consequence of an excavation made in the location and to the depth appearing from the evidence in this case. The question whether such injury reasonably might have been anticipated as a probable consequence of the excavation was a question of fact for the jury, which would have been taken away from them if the appellant's fourth prayer had been granted."

The defendant asked his Honor to charge the jury, among other things, the following: "If the jury shall find that the

injury to the plaintiff's building was caused by excavating, which was done by C. H. Norton, an independent contractor, and if the jury shall further find that the work which he contracted to do was not necessarily or probably dangerous, and that he was skillful and careful, the defendant cannot be held liable for such injury, and the jury will answer the issue 'No.' " If the requested instruction had left out the statement of the fact that Norton was an independent contractor, the instruction would have been proper. *Bonaparte v. Wiseman, supra.* But containing that statement of a fact, his Honor was correct in refusing to give it. As we have said before in this opinion, there was evidence tending to show that the defendant himself did the excavating. The matter we have been discussing and have decided is not free from difficulty, and the decisions of the courts in reference to the same have not been uniform. The strong opinion of the Court of Appeals of New York in the case of *Engel v. Eureka Club,* 32 N. E., 1052; 33 Am. St. Rep., 692, delivered by *Chief Justice Andrews,* is not in line with this decision or those of the courts from which we have quoted. In that case, as we understand it, it is held that the employer is liable in no case except where the thing to be done is inherently, intrinsically and necessarily dangerous; and that in all cases where the injury arising from the negligence of the contractor is in the manner of doing it, and not in the thing itself contracted to be done, the contractor alone is liable. After a careful investigation of the matter we do not feel inclined to follow that view.

On another question presented by the appeal, that is, whether or not the plaintiff was entitled to notice from the defendant of his intention to dig below the foundation of her wall, the opinion delivered in this case on that point, as reported in 131 N. C., 352, is referred to and approved. In addition to what is there said on that question, it might be

well to notice another exception of the defendant in reference
to the same matter.   His Honor in his instructions to the jury
among other things said: "The defendants contends that this
work was done by an independent contractor; that he was a
competent and skillful man, and that, therefore, if the work
he contracted to do was not necessarily or probably danger-
ous, the defendant cannot be held liable for such injury.   The
Court charges you that the evidence is that Norton was a com-
petent and skillful contractor; but the Court also charges you
that the employment of an independent contractor, who is
competent and skillful, to make an excavation upon a lot in
near proximity to a neighbor's house in a populous city, and
in a public thoroughfare, as on Main street in this instance,
and to a depth of several feet below the level of the founda-
tion of that house, does not relieve the proprietor from the
obligation either to see that the contractor in doing the work
protects his neighbor's wall by the exercise of due care, or to
give the neighbor timely notice of the nature and extent of
the intended excavation, that he may make due precaution for
the protection of his own wall."   The exception to that
instruction cannot be sustained.   It is correct in principle and
is well supported by authority.   *Bonaparte v. Wiseman,
supra.*

"Thus the authorities are agreed that one who proposes to
excavate or to make other alterations or improvements upon
his own land, which may endanger the land or building of
his neighbor, is bound to give the latter reasonable notice of
what he proposes to do to enable him to take the necessary
measures for the preservation of his own property."   Thomp-
son's Com. on the Law of Negligence, sec. 1109, and the
cases there cited.

There was no evidence tending to show that the plaintiff in
this case ever received any notice from the defendant or the
contractor that it was the purpose of the defendant to exca-

vate below the foundation of the plaintiff's wall, or that she had any knowledge of such intention on his part.

Exceptions in this case were filed to many portions of the evidence, to the giving of each one of the eleven instructions asked by the plaintiff, to nearly every sentence of his Honor's charge, in chief, and to the refusal of his Honor to give thirty-one of the thirty-five special prayers for instruction asked by the defendant. The examination of this record has consumed a good deal of our time unnecessarily, but after its conclusion we think there was no reversible error.

Petition dismissed.