## HANNICKER v. LEPPER et al.

Where one making an excavation in a lot negligently left it exposed to inclement weather for an unreasonable length of time without putting in foundation walls, thereby causing injury to a building on an adjoining lot by the caving in of the ground, he is liable to the adjoining owner for the injury to the building, though Rev. Civ. Code, § 291, providing that each coterminous owner is entitled to the lateral

support which his land received from the adjoining land, subject to the right of the adjoining owner to make proper excavations on using ordinary care, and taking reasonable precautions to sustain the land, and giving previous reasonable notice to the other of his intention to make the excavations, and section 187, defining land as the solid material of the earth, whatever may be its ingredients, give only the right to damages for injuries to the land itself, and not to buildings placed thereon.

(Opinion filed, April 3, 1906.)

Appeal from Circuit Court, Brown County.   Hon. J. H. McCoy, Judge.

Action by Lewis Hannicker against Casper Lepper and another. From a judgment in favor of plaintiff, defendants appeal.   Affirmed.

*Taubman, Williamson & Herreid,* for appellants.

A person in making the excavation, after notice to the coterminous lot owner, is only required to use ordinary care and skill and take reasonable precautions to sustain the adjoining land, not the land with its superincumbent weight, but the land itself.   Novotny v. Danforth, 9 S. D. 31; Ulrick v. Trust Company, 2 S. D. 285; Same case on rehearing, 3 S. D. 44; Sullivan v. Zeiner, 20 L. R. A. 730; Aston v. Nolan, 63 Cal. 269.

*L. W. Crofoot,* for respondents.

A land·proprietor has the right to assume that the soil of which he is the owner shall be allowed to stand in its natural state; and any interference with that right, constitutes an actionable wrong, without reference to the question of negligence.   Ulrick v. Dakota Loan & Trust Co., 2nd S. D. 291.   The right to receive more than natural support from adjacent land may be attached to that land as an easement.   Rev. C. C. 267.

FULLER, P. J.   Plaintiff, the owner of a city lot and a two-story frame building situated thereon, brought this action against defendants to recover damages occasioned by their alleged negligence in excavating for the purpose of a building to be erected on a coterminous lot pursuant to a contract with the owner.   The acts complained of are stated in the complaint as follows: "That on or about the 1st day of July, 1904, the defendants commenced work under said contract, and excavated said lot 1 to the depth of 10 feet, said excavation covering the entire width of said lot 1, and

extending from Main street westward, beyond the rear of plaintiff's
building on lot 2; and this plaintiff alleges that the said defendants
performed their work under said contract in a negligent and un-
skillful manner, by making said excavation, and allowing the same
to stand for a long period of time without constructiung the foun-
dation wall therein, or taking any reasonable precaution to sustain
the land of the plaintiff's lot, and without putting any props or other
supports under said plaintiff's building, but left the natural walls
of dirt exposed for an unreasonable length of time to storms and
rains and to floods of water shed from the adjoining building on to.
the walls of said excavation, whereby the south wall of said excava-
tion became soft and caved into said excavation, carrying the dirt
from said 'plaintiff's lot, and depriving the north sill of the plain-
tiff's building of the support of its foundation, whereby said sill
settled and the entire building became racked out of shape, the tim-
bers displaced and settled so that the said building could not be re-
stored to its former condition, and the plastering and paper on the
walls of said building were cracked and destroyed, the doors and
windows twisted out of shape, and the building otherwise injured
and damaged." That the want of ordinary prudence and the exer-
cise of reasonable care in making the excavation and building the
wall would render the defendants liable to respond in demages to
plaintiff for any injury occasioned to his building as well as to the
land itself was the theory upon which the action was tried. Over
the objection of counsel for defendants, testimony tending to show
that the building was damaged by reason of the removal of adja-
cent ground and negligence in failing to build the foundation wall
within a reasonable time was introduced at the trial and submitted
to the jury under the following instruction which is urged as error:
"The defendants had the right to make said excavation and had the
right to remove the dirt from the full length and breadth of the
Workman lot, and were not liable to plaintiff, providing they used
ordinary care and skill to prevent unnecessary injury to the lot and
building of plaintiff; the rule of law being that every man must so
use his property as not to unnecessarily injure the property of his
neighbor, and if, in making an excavation, which a person has a
right to make, he do it in a negligent manner, he will be liable for

the full consequences of his act, not only for injury to the soil itself, but also to the improvements and buildings thereon."

It is conceded that plaintiff had ample notice as to the time the work would begin, and it was shown by his own undisputed testimony that the lot was in practically the same condition and nearly as valuable as it was before the excavation was made. It is therefore evident that the verdict of $200 in favor of plaintiff was based principally on testimony relating to the damaged condition of the building and the evidence, if competent, is sufficient to sustain such finding by the jury and the judgment accordingly entered. In apparent conformity with the common-law rule section 291 of the Revised Civil Code is as follows: "Each coterminous owner is entitled to the lateral and subjacent support which his land receives from the adjoining land, subject to the right of the owner of the adjoining land to make proper and usual excavations on the same for purposes of construction, on using ordinary care and skill, and taking reasonable precautions to sustain the land of the other, and giving previous reasonable notice to the other of his intention to make such excavation." It being thus undisputed that reasonable notice was given, and the excavation proper and for an authorized purpose, no damage was recoverable under the express terms of the foregoing statutory provision if the defendants used ordinary care and skill and took reasonable precaution to sustain plaintiff's adjoining land. In view of the fact that the word "land" is sometimes employed synonymously with the term "real estate" and considered broad enough to comprehend that which is placed thereon by human hands, our Legislature has excluded buildings by adopting the following definition which apparently prevailed at common law: "Land is the solid material of the earth, whatever may be the ingredients of which it is composed, whether soil, rock, or other substance." Section 187, Rev. Civ. Code; Bouvier's Law Dictionary. Manifestly the natural support of plaintiff's land by that of the adjoining proprietor is all that he can rightfully claim under section 291, supra, but in accodrance with the universally recognized principle requiring every man to use his own property in a manner that will prevent unnecessary injury to that of his neighbor, it was the duty of the defendants to exercise ordinary care,

both as to the ground and the superstructure thereon. Consequently, if plaintiff's property, including the building, was injured without his fault and by reason of negligence on the part of defendants in making the excavation or leaving it exposed to inclement weather for an unreasonable time before putting in the foundation walls, their liability to respond in damages appears to be well settled. Ulrick v. Dakota Loan & Trust Co., 2 S. D. 285, 49 N. W. 1054. The headnote, fully supported by the opinion, in Larson v. Metropolitan Street Railway Company, 110 Mo. 234, 19 S. W. 416, 16 L. R. A. 330, is as follows: "The right to remove the lateral support of adjacent property, carrying buildings, is subject to the qualification that the excavator shall use ordinary care and cause no unnecessary damages to such buildings." To the same effect are the following cases: City of Quincy v. Jones et al, 76 Ill. 231; Davis v. Summerfield, 42 S. E. 818; Myers v. Hobbs, 57 Ala. 175; Cooley on Torts, 595; 3 Kent Comm. 437. While twelve different men might not concur in the conclusion reached by the jury before whom the action was tried, it is clear from the evidence that the trial court would not have been justified in holding as a matter of law that defendants were not guilty of negligence, or that they were free from liability on account of contributory negligence on the part of plaintiff.

Being thus satisfied that the verdict cannot be disturbed, and that the case was properly tried and submitted to the jury under instructions of which the defendants have no just cause for complaint, the judgment appealed from is affirmed.