LEON KAPLAN AND WIFE RENEE M. KAPLAN, TRADING AS TINY TOWN v. CITY OF WINSTON-SALEM

No. 7421SC7

(Filed 3 April 1974)

1. Municipal Corporations § 14; State § 4— action against city — sidewalk repairs — damage to store merchandise — governmental immunity

The doctrine of governmental immunity did not apply to bar plaintiffs' action to recover for damages to merchandise in their store caused by concrete dust which infiltrated the store while defendant city was engaged in replacing deteriorating sidewalks in the vicinity of the store.

2. Municipal Corporations § 16— sidewalk repairs — damage to store merchandise — negligence by city

In an action to recover for damages to merchandise in plaintiffs' store from concrete dust arising from the fall of broken concrete into the basement bays of the store while defendant city was replacing sidewalks adjoining the store, the evidence was sufficient to justify a finding that defendant's crew was negligent in performing the work without taking sufficient precautions to safeguard plaintiffs' property from dust damage or in failing to advise plaintiffs of the risk of dust in the area.

3. Municipal Corporations § 16— sidewalk repairs — damage from dust particles — foreseeability

Defendant city should have foreseen that concrete dust would be spread throughout plaintiffs' store by pieces of broken concrete which the city knew would drop into the basement bays of the store while the city replaced deteriorating sidewalks adjoining the store.

4. Municipal Corporations § 17— sidewalk repairs — dust particles — damage to store merchandise — contributory negligence

Plaintiffs were not contributorily negligent in failing to take action to minimize damages to merchandise in their store from dust

particles arising from pieces of broken concrete falling into the base-
ment bay areas of the store where plaintiffs were informed that the
sidewalk directly above the bay areas was going to be torn up by the
city and a city representative tacked cardboard over the opening of
one of the bays, but plaintiffs were not informed of the manner in
which the job would be done or the possible results of the city's action.

5. **Damages § 13— damage to store merchandise — evidence of retail value**
  In an action to recover for damages to merchandise in plaintiffs'
  store caused by concrete dust particles from defendant city's sidewalk
  repair project, the trial court erred in allowing testimony of damages
  based on retail selling prices of the merchandise since prospective
  profits may not be included as an element of damages.

APPEAL by defendant from *Collier, Judge,* 7 May 1973 Ses-
sion of Superior Court held in FORSYTH County. Argued in the
Court of Appeals 15 January 1974.

In October, 1966, defendant, the City of Winston-Salem, was
engaged in replacing deteriorating sidewalks in the vicinity of
a store owned by plaintiffs, Leon Kaplan and Renee M. Kaplan.
On 10 October 1966, a representative of defendant notified plain-
tiffs that defendant's work crew would be replacing the sidewalk
in front of plaintiffs' store. Plaintiff and the city representative
went into the basement and examined the area, including two
bay areas beneath the sidewalk, each twelve feet high and
extending nine feet under the sidewalk.

The east bay, filled with obsolete merchandise to within
two feet of the ceiling, was entirely open from the basement
of the store. The west bay, containing a large number of boxes,
had a solid wall between it and the basement with only a door-
way. City workmen moved the boxes into the main portion of
the basement while the crew foreman covered the door with a
piece of cardboard. Plaintiff advised the work crew not to move
merchandise from the east bay and that it did not require
protection. The east bay was not covered because the storage
extended out into the basement, precluding a place to put a
cover.

On 11 October 1966, when employees arrived and opened
the store after work had commenced on the sidewalk, dust was
found in the basement, the first floor, and the second floor of
the store. A complete inventory of the store was taken by em-
ployees of plaintiffs along with a city representative.

As to damages to his inventory and merchandise caused
by cement dust and grit, Mr. Kaplan testified that in his opinion

the total fair market value of the merchandise immediately before the incident was $66,685.07 and immediately after it was $18,335.00, or net damages of $48,350.07 to the merchandise.

Plaintiffs tendered Mr. Walter S. Gary as an expert in the field of children's toys. Mr. Gary testified that, in his opinion, damage to the merchandise in the basement was in the amount of 85% of retail value; on the first floor, 75% of retail value; and on the second floor, 66⅔% of retail value.

The jury found plaintiffs were damaged by the negligence of defendant and were entitled to recover $21,752.00.

Defendant appealed.

*Hudson, Petree, Stockton, Stockton & Robinson, by Norwood Robinson and George L. Little, Jr. for plaintiffs-appellees.*

*Deal, Hutchins & Minor, by John M. Minor and William Kearns Davis, for defendant-appellant.*

BROCK, Chief Judge.

[1] Defendant contends that plaintiffs' cause of action, not being on behalf of a member of the travelling public, is barred by the doctrine of governmental immunity.

It is generally held that the duty of keeping sidewalks in a reasonably safe condition rests primarily on a municipality. A municipality may not undertake a task of street improvement or repair in a careless or negligent fashion and then seek to escape liability by invoking the privilege of governmental immunity. Numerous cases have held that the exercise of due care in keeping streets and public ways safe and in suitable condition is a positive obligation imposed upon a municipal corporation. A municipality cannot, with impunity, create in its streets a condition palpably dangerous, neglect to provide the most ordinary means of protection against it, and avoid liability for proximate injury on the plea of governmental immunity. *See Hunt v. High Point,* 226 N.C. 74, 36 S.E. 2d 694; *Millar v. Wilson,* 222 N.C. 340, 23 S.E. 2d 42; *Waters v. Belhaven,* 222 N.C. 20, 21 S.E. 2d 840; *Meares v. Wilmington,* 31 N.C. (9 Ire.) 73. The same principle of liability applies when a municipality undertakes a task of street or sidewalk improvement in a careless or negligent fashion and causes damage to the property of an adjoining property owner.

[2]  The evidence discloses that damage to plaintiffs' property was the result of concrete dust permeating and infiltrating the interior of plaintiffs' store. The dust arose from the fall of broken concrete into the basement bays of the store. Testimony reveals that city representatives knew that concrete and dust would fall into the basement area. The record reveals that cardboard was placed over one of the two basement bays. However, it is not clear whether the purpose of the board was to block out large chunks of concrete or to eliminate all foreign particles from the basement area. Regardless, it was known by city representatives that amounts of concrete and dust would fall into the basement area.

The duty to maintain sidewalks and streets in a safe condition carries with it a correlative duty to perform these maintenance tasks in a competent manner or suffer the consequences of negligently inflicted damage which is foreseeable. The evidence justifies a finding that defendant's crew was negligent in performing the work without taking sufficient precautions to safeguard plaintiffs' property from dust damage or advising plaintiffs of the risk of dust in the area. This assignment of error is overruled.

[3]  Defendant contends that the method of replacing the sidewalk had been used extensively in similar work, and that the spread of dust was accidental, unintended, and due to unforeseeable conditions beyond the control of defendant.

Testimony of witnesses employed by defendant reveals that these witnesses were aware that in breaking up the sidewalk, chunks of concrete would fall into the bay areas of the basement, spreading concrete particles and dust.

Negligence, to be actionable, must be a proximate cause of the injury, and foreseeability is an essential element of proximate cause. A defendant is not required to foresee occurrences which are merely possible, but only such occurrences which are reasonably foreseeable.

Under the circumstances presented by the evidence in this case, defendant should have foreseen and should have known that dust would be spread by the pieces of concrete dropping into the bay areas underneath the sidewalk. This assignment of error is overruled.

**[4]** Defendant contends plaintiffs were guilty of contributory negligence since plaintiffs were advised of the nature of the work before excavation began, had peculiar knowledge of the special conditions affecting the interior of the store, and failed to take action to prevent damages.

"Contributory negligence, as its name implies, is negligence on the part of plaintiff which joins, simultaneously or successively, with the negligence of the defendant alleged in the complaint to produce the injury of which the plaintiff complains." *Jackson v. McBride,* 270 N.C. 367, 154 S.E. 2d 468.

Defendant is contending that plaintiffs failed to take any defensive action against a danger which plaintiffs were unaware would come about. The evidence reveals that the only information plaintiffs received was in the form of a visit by a city representative who informed them that the sidewalk was going to be torn up directly above the basement. Later that same afternoon, city representatives went into the basement and tacked cardboard panels over the opening of the west bay. Plaintiffs were not informed of the manner in which the job would be done or the possible results of such actions.

Plaintiffs cannot be found contributorily negligent for failure to avert to minimize dust damage when they were uninformed that falling chunks of concrete and airborne dust particles would be by-products of the sidewalk excavation process. Refusal by the trial court to submit the issue of contributory negligence was not error. This assignment of error is overruled.

**[5]** Defendant contends that the trial court erred in allowing testimony of damages based on retail selling prices. "North Carolina is committed to the general rule that the measure of damages for injury to personal property is the difference between the market value of the damaged property immediately before and immediately after the injury. The purpose of the rule is to pay the owner for his loss." *Light Company v. Paul,* 261 N.C. 710, 136 S.E. 2d 103.

The purpose of the rule is to return the owner to his status prior to the incident which damaged or destroyed the personal property. The rule is not intended to award prospective profits. Profits are contingent upon the goods being sold and upon the business expertise of the owner. Rather, the rule is intended to

afford compensation to the owner in an amount sufficient to buy goods identical to those damaged or destroyed, plus compensation for any expenses incurred by the owner in attempts to minimize damages, less any salvage obtained in a sale or exchange of the damaged goods. Anticipated profits of a nonconjectural nature which can be demonstrably proven by reliable records, accumulated over a reasonable period of time, dealing in such goods, may also be included as factors of compensation.

Plaintiffs' witness Gary, tendered as an expert witness on the value of children's toys, gave his opinion of damages to the merchandise in terms of percentages of the retail prices. He testified: "I said on the first floor I estimate damage to be 75% of the retail value of the merchandise. In the basement, I estimate the damage to be 85% of the retail value of the merchandise. And, on the top floor, I estimate the damage to be 66⅔% of the retail value of the merchandise." Evidence of this nature, when coupled with evidence of the retail value of the inventory, would be competent as tending to establish the salvage value of the merchandise. However, the court did not instruct the jury upon how this evidence was to be considered. There was no instruction of any nature that the salvage value of the merchandise was to be considered. The jury was permitted to consider evidence of damage to the retail value of the merchandise without limits upon its applicability. This was error prejudicial to defendant.

New trial.

Judges MORRIS and CARSON concur.