H. LEE WATERS, ALBERT LEE HUFF AND CLIFTON FREEDLE v. JOE E. BIESECKER, CHAIRMAN, AND PURCELL YARBROUGH AND EDWARD FOWLER, ALL MEMBERS OF THE CITY OF LEXINGTON ALCOHOLIC BEVERAGE CONTROL BOARD, AND THE CITY OF LEXINGTON ALCOHOLIC BEVERAGE CONTROL BOARD

No. 8222SC94

(Filed 4 January 1983)

1. **Municipal Corporations § 12— governmental immunity—operation of ABC store proprietary function**

    The operation of an ABC store by a city ABC Board is a proprietary function; therefore, the trial court correctly refused to dismiss on the ground of governmental immunity plaintiff's action in which he alleged a city ABC Board negligently excavated the lot next to plaintiff's building.

2. **Municipal Corporations § 12.2— notice of tort claim not required for ABC Board**

    Former G.S. 1-539.15 which required a claimant to give notice of his tort claim to a city within six months did not apply where defendant was a local ABC Board and not the city.

3. **Negligence § 50— negligent excavation—extent of liability**

    A city ABC Board's failure to give appropriate notice as to the nature and extent of the Board's plans for excavation of a lot next to plaintiff's building to enable plaintiff to take steps to protect his property constituted negligence.

APPEAL by defendant from *Mills, Judge.* Judgment entered 16 September 1981 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 16 November 1982.

At trial, plaintiff Albert Huff sought to prove that defendant, the City of Lexington Alcoholic Beverage Control Board (the

Board) negligently excavated the lot next to plaintiff's building, resulting in the loss of lateral support for plaintiff's building.[1] Plaintiff contends that the excavation was done without notice to him and that, as a result of the excavation, the plate glass at the front window cracked, a crack in the wall of the building widened, a waterline beneath the building pulled apart, and the pillars supporting the back corner of the building shifted. The jury found that plaintiff's building was damaged by the Board's negligence and that plaintiff was entitled to recover $7,000 from the Board. From a judgment in accordance with the jury's verdict, the Board appeals.

    *Barnes, Grimes and Bunce, by Jerry B. Grimes, for plaintiff Albert Lee Huff.*

    *DeLapp, Hedrick and Harp, by Robert C. Hedrick, for defendant City of Lexington Alcoholic Beverage Control Board.*

    BECTON, Judge.

    The issues on appeal are whether the trial court erred (1) in denying the Board's motion to dismiss based on (a) governmental immunity, and (b) plaintiff's failure to give notice to the City of Lexington of his claim within six months as required by N.C. Gen. Stat. § 1-539.15; and (2) in denying the Board's motions for directed verdict, to set aside the verdict, and for a new trial. Based on our review of the record and the applicable law, we find no error in the trial.

I

(a) *Governmental Immunity*

[1] In determining whether a governmental body will be held liable in tort for negligence, our courts have looked to the particular acts and functions of the governmental body to see whether those acts are governmental or proprietary in nature. *Sides v. Hospital,* 287 N.C. 14, 213 S.E. 2d 297 (1975); *Koontz v. City of*

---

    1. Prior to trial, the trial court dismissed the action as to the individual defendants, leaving the Board as the only defendant. At trial, the Board's motion for directed verdict at the close of plaintiffs' evidence was granted against plaintiff H. Lee Waters, who owned the land on which Huff's building was located, and plaintiff Clifton Freedle, who operated a restaurant business in Huff's building.

*Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897 (1972), *pet. for reh. denied,* 281 N.C. 516 (1972); and *Casey v. Wake County,* 45 N.C. App. 522, 263 S.E. 2d 360 (1980), *pet. for discr. rev. denied,* 300 N.C. 371, 267 S.E. 2d 673 (1980). Although the term "proprietary" denotes a profit motive, profit motive is not essential to the determination that a function by a governmental body is proprietary. *Sides,* 287 N.C. at 23, 213 S.E. 2d at 303. Our courts have also looked to see whether the activities in question "are those historically performed by the government, and which are not ordinarily engaged in by private corporations." *Id.*

Considering (i) the trend to restrict the application of governmental immunity (our Supreme Court has recognized the "merit in the modern tendency to restrict rather than to extend the application of governmental immunity," *Koontz,* 280 N.C. at 529, 186 S.E. 2d at 908); (ii) the unquestionable profit motive underlying the operation of the ABC store by the Board (*see,* N.C. Gen. Stat. §§ 18B-804 and 805 (1981) ); and (iii) the fact that the operation of an ABC store is not one of the traditional services historically rendered by a governmental body, we hold that the operation of an ABC store by the Board is a proprietary function and that the trial court, therefore, correctly refused to dismiss the case on the ground of governmental immunity.

(b) *Notice*

[2] N.C. Gen. Stat. § 1-539.15 (1969), effective at the time of the claim in this case, although later repealed in 1981,[2] required a claimant to give notice of his contract or tort claim to the City within six months. That statute does not apply in this case, however. The City of Lexington is not, and has never been, a party to this action. The Board can be, and was, sued in its own name. No notice to the Board was required in this case.

II

[3] Citing cases from New York, Iowa, and South Dakota, the Board contends that "[a]ny recovery of loss of lateral support accrues only for resulting damages to the soil itself as opposed to those damages resulting from injuries to a building." *Sanders v. Schiffer,* 46 A.D. 2d 536, 537, 363 N.Y. Supp. 2d 676, 678 (1975).

2. Repealed by 1981 N.C. Sess. Laws ch. 777 § 1, effective 2 July 1981.

That is too simplistic a statement and not the law in this State. In North Carolina, there is a duty upon an excavator, at the very least, to contact his neighbor and advise him or her as to the nature and extent of his proposed excavation so that the adjoining landowner might take appropriate steps to protect his or her property. The failure to do so is negligence. *Davis v. Summerfield,* 131 N.C. 352, 42 S.E. 818 (1902), *aff'd on rehearing,* 133 N.C. 325, 45 S.E. 654 (1903). Significantly, although the plaintiff in *Davis* knew that the defendant planned to excavate and build on his own property, the defendant nevertheless owed the plaintiff a duty to advise her of the nature and extent of his proposed excavation. The *Davis* Court itself, after considering the laws from other jurisdictions, said:

> The true rule deducible from the authorities seems to be that while the adjacent proprietor cannot impair the lateral support of the soil in its natural condition, but is not required to give support to the artificial burden of a wall or building superimposed upon the soil, yet he must not dig in a negligent manner to the injury of that wall or building, and it is negligence to excavate by the side of the neighbor's wall, and especially to excavate deeper than the foundation of that wall, without giving the owner of the wall notice of that intention that he may underpin or shore up his wall, or relieve it of any extra weight on the floors, and the excavating party should dig out the soil in sections at a time so as to give the owner of the building opportunity to protect it and not expose the whole wall to pressure at once. The defendants did not give any notice of the nature of their proposed excavation, and the evidence justified the jury in finding them guilty of negligence.

*Davis* at 354-55, 42 S.E. at 818.

In the case before us now, plaintiff was never advised as to the nature and extent of the Board's plans for excavation. Indeed, the only evidence of notice to plaintiff was a sign posted on the lot thirty days prior to a public hearing which stated that the lot had been purchased and the Board was considering the construction of a building. Even if this sign gave plaintiff notice of the Board's plan to construct a building on the lot, it did not, in any way, satisfy the requirements of *Davis.* The Board's failure to

give appropriate notice to enable plaintiff to take steps to protect his property constitutes negligence. Inasmuch as there was sufficient evidence of the Board's negligence and of the resulting damages to plaintiff's building to warrant the submission of the case to the jury and to support the jury's verdict, the defendant's motion for a directed verdict, for judgment notwithstanding the verdict, and for a new trial, were properly denied.

For the foregoing reasons, we find

No error.

Judges HEDRICK and WEBB concur.