H. LEE WATERS, ALBERT LEE HUFF AND CLIFTON FREEDLE v. JOE E. BIESECKER, CHAIRMAN, AND PURCELL YARBROUGH AND EDWARD FOWLER, ALL MEMBERS OF THE CITY OF LEXINGTON ALCOHOLIC BEVERAGE CONTROL BOARD, AND THE CITY OF LEXINGTON ALCOHOLIC BEVERAGE CONTROL BOARD

No. 63PA83

(Filed 9 August 1983)

**Municipal Corporations § 12; Negligence § 50— failure to give notice of excavation—liability of city ABC Board**

A city ABC board did not have governmental immunity from liability in a suit for damages allegedly caused by its negligent failure to warn plaintiff of the excavation undertaken in the construction of an ABC store which removed lateral support from plaintiff's building on adjoining property, even though the excavation work was carried out through an independent contractor.

ON discretionary review of the decision of the Court of Appeals, 60 N.C. App. 253, 298 S.E. 2d 746 (1983), finding no error in the judgment entered by *Mills, J.*, at the 8 September 1981 Civil Session of Superior Court, DAVIDSON County. Heard in the Supreme Court 6 June 1983.

*Barnes, Grimes & Bunce, by Jerry B. Grimes, for Albert Lee Huff, plaintiff appellee.*

*DeLapp, Hedrick and Harp, by Robert C. Hedrick, for City of Lexington Alcoholic Beverage Control Board, defendant appellant.*

MARTIN, Justice.

Plaintiff brought this action for damages to their property allegedly resulting from the negligent excavation of defendant's adjoining property for the construction of an Alcoholic Beverage Control store. The claims of plaintiffs Waters, the landowner, and Freedle, a lessee, were dismissed at the close of all the evidence. Waters and Freedle did not appeal. A jury verdict was returned in favor of plaintiff Huff, who owned a building located on Waters's property. From the judgment on this verdict, defendant ABC board appealed. Claims against the individual defendants were dismissed.

Defendant ABC board proposed to build a store for the sale of alcoholic beverages upon property it owned adjoining the land

**Waters v. Biesecker**

upon which Huff's building was located. A notice was posted by defendant of its proposal to construct the building. This was a general notice of the proposal and of a public meeting that would be held but did not give any details as to the method of construction or excavation required. The defendant contracted with an architect and an independent contractor to construct the building. In the construction, it was necessary to excavate the defendant's property.

During the construction, neither defendant nor its contractors notified or advised Huff about the excavation in any way. After excavation began, a crack in a plate glass window in Huff's building appeared, a crack in the masonry wall widened, waterlines under the building separated, and the pillars supporting a back corner of the building shifted or moved.

Defendant argues that the Court of Appeals erred in affirming the trial court's denial of its motion for a directed verdict. We find no error in the trial court's ruling and affirm the result reached by the Court of Appeals.

Defendant's principal contention is that it is protected from liability because of governmental immunity. In deciding this appeal, the Court of Appeals addressed the wrong legal issue. The Court of Appeals held "that the operation of an ABC store by the Board is a proprietary function and that the trial court, therefore, correctly refused to dismiss the case on the ground of governmental immunity." This was not the issue before the Court of Appeals. Plaintiff's alleged damages did not result from the *operation* of an ABC store, but from the failure to give notice of an excavation made in the *construction of a building* to be used as an ABC store. The distinction is substantive. The holding by the Court of Appeals that the operation of an ABC store is a proprietary function was not necessary for the resolution of the appeal; it is entirely obiter dictum and not approved by this Court. We expressly refrain from ruling upon this interesting issue. *Cf. Gardner v. Reidsville,* 269 N.C. 581, 153 S.E. 2d 139 (1967); *Hahn v. City of Ortonville,* 238 Minn. 428, 57 N.W. 2d 254 (1973); *Niles v. Healy,* 115 N.H. 370, 343 A. 2d 226 (1975); *Krzysztalowski v. Fortin,* 108 N.H. 187, 230 A. 2d 750 (1967).

The crucial question is whether the defendant ABC board is immune from suit for damages allegedly caused by its negligent

failure to warn the plaintiff of the excavation undertaken in the construction of the ABC store building. Our research discloses that this precise question has not been previously decided by this Court.

Although the legislature did not expressly grant authority to local ABC boards to construct buildings, such authority is impliedly granted them by N.C.G.S. 18B-701(13), which provides that a local board is authorized to "[p]erform any other activity authorized or required by the ABC law." Under the duty and power to sell alcoholic beverages, it may be reasonably implied that the boards have authority to construct buildings in which to carry out these duties. 56 Am. Jur. *Municipal Corporations, Etc.* § 541 (1971). We note that the board is not required to construct buildings; it has authority to purchase or lease buildings for use as ABC stores. N.C. Gen. Stat. § 18B-701(10) (Cum. Supp. 1981).

*Davis v. Summerfield,* 131 N.C. 352, 42 S.E. 818 (1902), involved an action for damages caused by depriving the soil under plaintiff's wall of its lateral support, by negligence of the defendant while excavating for a new building on the adjoining lot. This Court approved the following instruction to the jury:

> "While there is evidence that the plaintiff knew that the defendant was going to excavate and build, for she testified to that herself, still the defendant owed to her the duty, which is not an unreasonable one, to tell her of the extent of his proposed plan so she might adopt measures for self-protection, if she chose to do so, and the court charges you there is no evidence that he gave proper notice to the plaintiff on the line above indicated. To give this notice involves no expense to the proprietor and affords opportunity to the adjoining owner to protect his rights, for improvements made by one proprietor may be attended with disastrous results, even when prosecuted by competent workmen."

*Id.* at 353, 42 S.E. at 818. This Court then summarized the rules regarding lateral support as follows:

> The true rule deducible from the authorities seems to be that while the adjacent proprietor cannot impair the lateral support of the soil in its natural condition, but is not required to give support to the artificial burden of a wall or building

superimposed upon the soil, yet he must not dig in a negligent manner to the injury of that wall or building, and it is negligence to excavate by the side of the neighbor's wall, and especially to excavate deeper than the foundation of that wall, without giving the owner of the wall notice of that intention that he may underpin or shore up his wall, or relieve it of any extra weight on the floors, and the excavating party should dig out the soil in sections at a time so as to give the owner of the building opportunity to protect it and not expose the whole wall to pressure at once. The defendants did not give any notice of the nature of their proposed excavation, and the evidence justified the jury in finding them guilty of negligence.

*Id.* at 354-55, 42 S.E. at 818.

On rehearing the case, *Davis v. Summerfield*, 133 N.C. 325, 45 S.E. 654 (1903), this Court approved its earlier holding with regard to the requirement of notice and addressed the question of whether the owner of a lot is liable for an injury done to an adjoining brick wall, through the negligence of an independent contractor in excavating adjacent to the wall. After stating the general rule of non-liability for acts of an independent contractor, the Court held:

And there is still another class of cases to be excepted from the exemption, and that is where the contract requires an act to be performed on the premises which will probably be injurious to third persons if reasonable care is omitted in the course of its performance. The liability of the employer in such a case rests upon the view that he cannot be the author of plans and actions dangerous to the property of others without exercising due care to anticipate and prevent injurious consequences. The case before us, it seems to us, falls under this exception to the general rule.

This last class of cases probably ought to be regarded as rather an extension of the one where the act to be done is "intrinsically dangerous," than a separate class.

*Id.* at 328, 45 S.E. at 655. In such case, the owner is responsible even though the injurious consequences flowed from the work of an independent contractor.

Work inherently or intrinsically dangerous and which will necessarily or probably result in injury to third persons unless methods are adopted by which such consequences may be prevented, cannot be delegated to others by municipality in such manner as to exempt the municipality from liability for private injuries resulting from the negligent performance of such work. Accordingly, the city cannot evade the consequences of its failure to take proper precautions if the work to be done is inherently or intrinsically dangerous. In other words, the municipality is liable where the act which causes the injury is one which the contractor is employed to perform, and the injury results from the act of performance and not from the manner of performance.

18 McQuillin, Municipal Corporations, *Municipal Liability for Torts* § 53.76c (3d ed., 1977 revised vol.) (footnotes omitted). *See also Meares v. Wilmington*, 31 N.C. 73 (1848); *Horne v. City of Charlotte*, 41 N.C. App. 491, 255 S.E. 2d 290 (1979).

In *Meares*, the city of Wilmington lowered the grade of a street three or four feet adjoining the property of plaintiff, causing the wall of plaintiff's building to collapse. The Court, in a scholarly opinion by Justice (later Chief Justice) Pearson, held that plaintiff had a cause of action for damages. The Court expressly rejected defendant's claim of governmental immunity, holding that defendant was not liable for doing work which the law authorized it to perform, *provided* the work was done in a skillful and proper manner. Because the work was performed negligently, the city was not permitted to escape liability. *See Smith v. State*, 289 N.C. 303, 222 S.E. 2d 412 (1976); *Sides v. Hospital*, 287 N.C. 14, 213 S.E. 2d 297 (1975); *Smith v. Highway Commission*, 257 N.C. 410, 126 S.E. 2d 87 (1962); *Thompson v. R.R.*, 248 N.C. 577, 104 S.E. 2d 181 (1958); *Yowmans v. Hendersonville*, 175 N.C. 574, 96 S.E. 45 (1918); *Kaplan v. City of Winston-Salem*, 21 N.C. App. 168, 203 S.E. 2d 653, *rev'd on other grounds*, 286 N.C. 80, 209 S.E. 2d 743 (1974).

We hold that the defendant is liable for the damages resulting from the removal of lateral support from adjoining property while excavating for the construction of an ABC store because of its negligent failure to warn plaintiff of such excavation. This is true even though defendant was acting through an in-

dependent contractor. *Davis v. Summerfield, supra,* 133 N.C. 325, 45 S.E. 654. *See generally* 33 A.L.R. 2d 111 (1954). It must exercise due care to anticipate and prevent injurious consequences. This involves giving reasonable notice to an adjoining landowner of the intention to excavate, including sufficient information to enable the adjoining landowner to take necessary measures to protect his property. In this case there is no evidence that plaintiff was notified that defendant would excavate below the level of the foundation of plaintiff's wall. *Accord, Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972); *Hendricks v. Fay, Inc.,* 273 N.C. 59, 159 S.E. 2d 362 (1968); *Highway Comm. v. Transportation Corp.,* 226 N.C. 371, 38 S.E. 2d 214 (1946).

For these reasons, we affirm the result reached by the Court of Appeals.

Affirmed.