WATAUGA COUNTY BOARD OF EDUCATION, PLAINTIFF v. TOWN OF BOONE,
DEFENDANT

No. 9124SC143

(Filed 19 May 1992)

1. **Municipal Corporations § 38 (NCI3d)— resolution by town council—appropriation of ABC revenues to county school board—ultra vires—unenforceable**

Even if a resolution by the Boone Town Council that 18% of the profits from the Boone ABC Store should be paid to the Watauga County Board of Education constituted a contract with the Town of Blowing Rock and the Watauga County Board of Education, the contract is void and unenforceable because it is outside the statutory authority of a town council to appropriate money to a county board of education. Furthermore, the resolution is also unenforceable because it did not have a pre-audit certification as required by N.C.G.S. § 159-28(a). N.C.G.S. § 18B-805(e).

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 129.**

2. **Estoppel § 3 (NCI4th)— resolution by town council—ultra vires appropriation—estoppel inapplicable**

Since a resolution appropriating ABC revenue to a county board of education was outside the authority of a town council, the town council cannot be estopped from terminating payments in accordance with the resolution without prior notice.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 128, 129.**

APPEAL by plaintiff from order entered 29 October 1990 by *Judge Charles C. Lamm* in WATAUGA County Superior Court. Heard in the Court of Appeals 12 November 1991.

This is an appeal from summary judgment granted in favor of defendant Town of Boone ("Boone"). In this declaratory judgment action, plaintiff asked that the court order Boone to comply with its 13 April 1987 resolution by which plaintiff County Board of Education ("school board") was to receive 18% of the profits of the Boone Alcohol Beverage Control (ABC) Store. The resolution

at issue was an attempt by the parties and the Town of Blowing Rock ("Blowing Rock") to adjust to a decrease in profits from the Blowing Rock ABC store resulting from competition by the new ABC store in Boone.

Boone and Blowing Rock are municipalities located about eight miles apart in Watauga County, North Carolina. In 1965, Blowing Rock began operating an ABC store under the authority of special legislation passed by the North Carolina General Assembly. This legislation required Blowing Rock to pay 25% of the store's profits to plaintiff school board. In 1986, defendant Boone opened its own ABC store. The distribution of revenue from this store was controlled by G.S. § 18B-805, enacted in 1981, which does not require any portion of the profits to be distributed to the Board of Education.

As a result of competition from the Boone store, the profits generated by the Blowing Rock store, and hence the school board's receipt of educational assistance money, was substantially reduced.

In early 1987, Blowing Rock officials decided to seek new legislation which would lower the percentage of its ABC profits required to be assigned to the school board. Blowing Rock officials requested that plaintiff school board not oppose this bill in the General Assembly. This action precipitated negotiations between the school board, Blowing Rock officials and Boone officials. These negotiations resulted in an agreement whereby the school board agreed that it would not oppose Blowing Rock's amendment to the 1965 legislation removing the requirement that it provide 25% of its annual ABC store's profits for the county schools. In return, Blowing Rock would designate 18% of its ABC profits for school board use and Boone would also contribute 18% of its profits to the school board. On 13 April 1987, the Boone Town Council passed a resolution stating:

> WHEREAS, the Boone Town Council recognizes the importance of educating the children of Watauga County; and
>
> WHEREAS, the opening of the Boone ABC Store has reduced the revenues to the Blowing Rock ABC Store, thereby reducing revenue received by the Watauga County Board of Education from ABC sales in Watauga County.
>
> NOW, THEREFORE, BE IT RESOLVED, that 18% of revenues received from the Boone ABC Store by the Town of Boone be given to the Watauga County Board of Education. The

share allotted to the Watauga County Board of Education shall be based on net revenues after all statutory obligations (primary and secondary distributions—NCGS 18B) have been met.

Blowing Rock passed a similar resolution on 14 April 1987. On 22 May 1987, the General Assembly passed the Blowing Rock amendment.

Over the next three fiscal years, Blowing Rock and Boone paid an average of 18% of their ABC stores' profits to the school board. Boone's contribution amounted to $33,000, $27,000 and $38,000 for fiscal years 1987, 1988 and 1989, respectively. On 26 April 1990, the Boone Town Council adopted a resolution which rescinded the 13 April 1987 resolution. Plaintiff filed this declaratory judgment action on 27 June 1990. Plaintiff appeals from the trial court's granting of defendant's motion for summary judgment and the dismissal of plaintiff's complaint.

*Parker, Poe, Adams & Bernstein, by Robert W. Spearman and Pope McCorkle, III, and Miller & Moseley, by Paul Miller, for plaintiff-appellant.*

*Paletta & Hedrick, by David R. Paletta, and Brough & Associates, by Michael B. Brough, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff first contends that the trial court erred in granting defendant's motion for summary judgment. Plaintiff advances two legal theories in support of its position: (a) the agreement is an enforceable contract and Boone's withdrawal from the agreement with no prior notice is a breach of contract, and (b) Boone is estopped on equitable principles from discontinuing its payments without prior notice.

Summary judgment is proper when there is no genuine issue of material fact and either party is entitled to judgment as a matter of law. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971).

[1] We find that we need not determine whether the resolution constitutes a contract. Even assuming that there is a contract, it is void and unenforceable because it is outside the power of the town council to appropriate money to the county school board.

Towns and cities are creations of the legislature. They have no powers which are not given to them by the General Assembly. N.C. Const., art. VII, § 1. Under the state constitution,

> [t]he General Assembly may enact laws whereby the State, any county, city or town, and any other public corporation may contract with and appropriate money to any person, association or corporation for the accomplishment of public purposes only.

N.C. Const., art. V, § 2(7).

> A municipality is a creature of the Legislature and it can only exercise (1) the powers granted in express terms; (2) those necessarily or fairly implied in or incident to the powers expressly granted; and (3) those essential to the accomplishment of the declared objects of the corporation — not simply convenient, but those which are indispensable, to the accomplishment of the declared objects of the corporation.

*Madry v. Scotland Neck*, 214 N.C. 461, 462, 199 S.E. 618, 619 (1938) (municipality has no authority to offer reward for capture of police chief's murderer). *See also Moody v. Transylvania County*, 271 N.C. 384, 156 S.E.2d 716 (1967) (providing of county-wide ambulance service is neither expressly authorized nor is it a necessary expense, therefore county cannot be held to contract granting franchise); *Town of Emerald Isle v. State of N.C.*, 320 N.C. 640, 360 S.E.2d 756 (1987) (power of municipal corporation to regulate the use of public streets arises in legislature and is subject to authority of legislature to regulate the use and control of public roads); *Board of Managers v. Wilmington*, 237 N.C. 179, 74 S.E.2d 749 (1953) (city cannot be estopped from terminating payments to hospital it is not statutorily authorized to make). Cities and towns are like counties with respect to their authority to enter into contracts and appropriate and expend public funds. N.C. Const., art. V, § 2(7); *Moody*, 271 N.C. at 386, 156 S.E.2d at 717.

The appropriation of public funds by a town council requires that two conditions be met. First, the appropriation must be for a "public purpose" consistent with article V, § 2(7) of the N.C. Constitution. *Hughey v. Cloninger*, 297 N.C. 86, 253 S.E.2d 898 (1979). Second, there must be statutory authority for the appropriation. *Id.*

There is no question but that the appropriation of funds for the education of the children of North Carolina satisfies the "public purpose" requirement. *Hughey*, 297 N.C. at 95, 253 S.E.2d at 904, *citing Education Assistance Authority v. Bank*, 276 N.C. 576, 174 S.E.2d 551 (1970). We can find, however, no statutory authority for this appropriation to the county school board. Plaintiff admits that Boone has no mandatory governmental responsibility in the realm of education. The question becomes whether a resolution appropriating funds for a public purpose, but one outside the statutorily authorized powers of the town, can be enforced against the town council.

In *Board of Managers*, 237 N.C. 179, 74 S.E.2d 749, defendants City of Wilmington and New Hanover County each made appropriations, pursuant to local acts, for the benefit of the James Walker Memorial Hospital. These payments were made over a period of almost fifty years. In 1951, the City stopped its contributions after concluding that the local acts were in violation of [then] Article II, § 29 of the state constitution. The hospital board sued the City, contending that the City had "given its solemn pledge for its generous support to such hospital" and was therefore estopped from challenging the constitutionality of the local acts under which it had paid or its obligation to continue the appropriations in the future. *Id.* at 189, 74 S.E.2d at 757. The Supreme Court concluded that the City could not be estopped from challenging the constitutionality of laws affecting it in its governmental capacity. "The doctrine of ultra vires is applied with greater strictness to public than to private corporations, and the rule is that a municipality . . . is not estopped by an act or contract which is beyond the scope of its corporate powers[.]" *Id., quoting* 21 C.J. *Estoppel*, at 1194-95. The Court found that the hospital appropriations were not a necessary governmental expense and therefore, absent a vote by a majority of the voters as required by Article VII, § 7 [since repealed], the City could not appropriate city revenues for this purpose. *Accord Madry*, 214 N.C. 461, 199 S.E. 618 (town may not be held to its tender of reward which it has no authority to offer).

We hold that the appropriation of funds for the education of the children of Watauga County is outside the statutory authority of Boone; the appropriation is ultra vires and the resolution purporting to commit the town of Boone to make the appropriation cannot be enforced. *Board of Managers*, 237 N.C. 179, 74 S.E.2d 749.

Plaintiff argues that the operation of an ABC store is a proprietary function, *citing Waters v. Beisecker*, 60 N.C. App. 253, 298 S.E.2d 746 (1983); therefore, the distribution of ABC store revenues also involves a proprietary function. We disagree. *Waters* is of no assistance to plaintiff. The Court of Appeals decision in *Waters* was heard by the Supreme Court on discretionary review. *Waters v. Beisecker*, 309 N.C. 165, 305 S.E.2d 539 (1983). The Supreme Court affirmed the result reached by the Court of Appeals but stated explicitly that this Court had addressed the wrong issue and that the holding that the operation of an ABC store is a proprietary function was entirely *obiter dictum* and not approved. The Court expressly refrained from ruling "upon this interesting issue." *Waters*, 309 N.C. at 166, 305 S.E.2d at 540.

We find that it is irrelevant to our decision whether an ABC store is a proprietary function. Even if it is, pursuant to G.S. § 18B-805 (1989), the gross receipts of a local ABC board are distributed first according to subsections (b) [primary distribution], (c) [other statutory distributions] and (d) [working capital].

> After making the distributions provided in subsections (b), (c), and (d), the local board shall pay each quarter the remaining gross receipts to the general fund of the city or county for which the board is established, unless some other distribution or some other schedule is provided for by law. If the governing body of each city and county receiving revenue from an ABC system agrees, and if the Commission approves, those governing bodies may alter at any time the distribution to be made under this subsection.

G.S. § 18B-805(e) (1989).

The authority of a local government unit to collect taxes and expend revenues is controlled by the Local Governmental Budget and Fiscal Control Act, G.S. § 159-7 *et seq*. Pursuant to this Act, local governments are required to operate under an annual balanced budget ordinance. G.S. § 159-8(a) (1987).

> It is the intent of this Article that . . . all moneys received and expended by a local government or public authority should be included in the budget ordinance. Therefore, notwithstanding any other provision of law, no local government or public authority may expend any moneys, regardless of their source

. . . except in accordance with a budget ordinance or project ordinance adopted under this Article[.]

*Id.* Thus, the gross receipts of an ABC store remaining after the required distributions are paid into the general fund of the city from which any appropriation must be in accordance with a budget ordinance. Although G.S. § 18B-805(e) allows the distribution of ABC revenues to be altered with the approval of the Commission, plaintiff has alleged no such action. We can find no support for plaintiff's contention that because these proceeds originate from an ABC store they can therefore be appropriated in a way other than pursuant to the statutory mechanisms required by the General Assembly.

We conclude that the resolution of 13 April 1987 appropriating the Boone ABC store revenues to the county school board is an act outside the powers of the town council and thus is void and unenforceable as a contract.

Furthermore, even assuming that the Boone Town Council resolution is not unenforceable for the reason stated above, it is not enforceable because it does not comply with G.S. § 159-28(a) which provides:

No obligation may be incurred in a program, function, or activity accounted for in a fund included in the budget ordinance, unless the budget ordinance includes an appropriation authorizing the obligation . . . . If an obligation is evidenced by a contract or agreement requiring the payment of money . . ., the contract, agreement or purchase order shall include on its face a certificate stating that the instrument has been pre-audited to assure compliance with this subsection[.]

An obligation incurred in violation of this subsection is invalid and may not be enforced.

The resolution at issue does not have a pre-audit certification as required by this statute and thus the agreement is not enforceable. *See Cincinnati Thermal Spray, Inc. v. Pender County,* 101 N.C. App. 405, 399 S.E.2d 758 (1991).

[2] Finally, we disagree with plaintiff's contention that Boone is estopped from discontinuing its payments without prior notice. A municipality cannot be estopped by an act or contract which is beyond the scope of its corporate powers. *Board of Managers,*

237 N.C. at 189, 74 S.E.2d at 757. Since the appropriation of the ABC revenue to the county school board is outside the authority of the town council, the town council cannot be estopped from terminating the unauthorized payments without notice.

Because of the resolution of plaintiff's first Assignment of Error, we need not consider its second.

We hold that the trial judge did not err in granting defendant's motion for summary judgment.

Affirmed.

Judges EAGLES and ORR concur.