Harris Sanders et al., Respondents, *v.* Max Schiffer et al., Appellants. (Action No. 1.)

Harris Sanders et al., Respondents, *v.* Max Schiffer et al., Appellants. (Action No. 2.)

Third Department, February 6, 1975.

*Israel J. Beck* for Max Schiffer, appellant.

*Max Schiffer* for Barbara Schiffer, appellant.

*Tobin & Dempf (Charles J. Tobin, III,* of counsel), for respondents.

Kane, J. The parties to this action are adjoining residential property owners in the City of Albany. The contour of their land is such that defendants' land is several feet below that of the plaintiffs. As a result of certain improvements to plaintiffs' property, and, in particular the construction of a garage addition near the mutual boundary, a retaining wall on defendants' premises was adversely affected to the extent that its removal was required. It then became necessary for plaintiffs to install a lightweight steel piling on their land to support their higher elevation and the structures thereon. The within action was commenced seeking damages for the expenses incurred in the construction of the steel piling, together with a request for

injunctive relief to prevent the defendants from further removing lateral support at the mutual boundary. Plaintiffs have also filed a notice of pendency.

The owner of land contiguous to land owned by another upon which a building is erected is not obligated to protect the owner of that building from damages which may result thereto from excavation on his own land in the absence of any right by prescription or grant in the owner of the building to have it supported by the land of the person engaged in the excavation (*Booth* v. *Rome, Watertown & Ogdensburg Term. R. R. Co.*, 140 N. Y. 267; *Radcliff's Executors* v. *Mayor etc. Brooklyn*, 4 N. Y. 195). Any recovery for loss of lateral support accrues only for resulting damages to the soil itself as opposed to those damages resulting from injuries to a building. In the absence of negligence or some special circumstance, there is no cause of action for lateral support between adjacent landowners except when the land is in its natural state (*White* v. *Nassau Trust Co.*, 168 N. Y. 149; *Booth* v. *Rome, Watertown & Ogdensburg Term. R. R. Co., supra*; *Benner* v. *Atlantic Dredging Co.*, 134 N. Y. 156; *Hay* v. *Cohoes Co.*, 2 N. Y. 159).

An examination of plaintiffs' complaint in light of these traditional principles of common law clearly reveals there can be no cause of action predicated on a right of lateral support in this case, and the motion to dismiss should have been granted. It necessarily follows that since plaintiffs have no interest in the lands of defendants the notice of pendency should be canceled (*Braunston* v. *Anchorage Woods*, 10 N Y 2d 302).

The orders should be reversed, on the law and the facts; the motion to dismiss the complaint, on the merits, and the motion canceling the notice of pendency should be granted, without costs.

GREENBLOTT, J. (dissenting). I cannot agree with the majority that a cause of action predicated on lateral support between contiguous landowners has not been stated in this case. It is, of course, unimpeachable doctrine that on a motion for summary judgment a complaint cannot be dismissed if there are any allegations contained therein which, if proved, would entitle the plaintiff to relief.

The majority, relying on the fact that a building stood on plaintiffs' land, reaches the conclusion that there is no right to lateral support because the land was not in its natural state. I do not believe that this is a proper statement of the applicable rule of law. The rule as developed is stated in *Tilbro Home Bldrs.* v. *Leidel* (42 A D 2d 578, 579): "Under the common-

law rule of lateral support, a 'landowner is absolutely entitled to the lateral support of his soil in its natural state by the soil of the adjoining lands. If an adjoining owner by excavation removes such support, causing the land to fall, he is responsible in damages ' (*Wolcott* v. *State of New York,* 199 Misc. 229, 233 * * * ) ''. In my view, the fact that land in its natural state enjoys the absolute right to lateral support does not necessarily lead to the conclusion that land encumbered by a structure of any kind is never entitled to lateral support. Rather, the determinative question is one of causation: was the excavation by itself sufficient to '' caus[e] the land to fall ''? (*Tilbro Home Bldrs.* v. *Leidel,* 42 A D 2d 578, 579; *Wolcott* v. *State of New York,* 199 Misc. 229, 233.) In *Riley* v. *Continuous Rail Joint Co.* (110 App. Div. 787, affd. 193 N. Y. 643), plaintiff's action for damages suffered by her lots and house as a result of a landslide precipitated by excavation upon the defendant's adjoining land resulted in a judgment in her favor. In affirming that judgment it was observed that '' there is no evidence in this case that the buildings * * * on the east ends of plaintiff's lots were a burden thereon in any way increasing the lateral pressure at the line between the lands of the plaintiff and defendant * * *. Indeed the evidence before us tends rather to show that the landslide was entirely independent of any pressure arising from the weight of said buildings.'' (*Id.* at p. 790.)

It is obvious from *Riley* that '' the common-law rule of nonliability for removal of lateral support causing injury to structures on adjoining land is qualified to the extent that damages to structures may be allowed as incidental to injury to the land in its natural state, where the injured structures did not increase the lateral pressure on the soil and so did not contribute to the loss of lateral support. * * * An owner does not, by building on his land, forfeit his right to have his soil supported if the lateral pressure is not increased by the building.'' (1 N. Y. Jur., Adjoining Landowners, § 17.)

The conclusion necessarily follows that the question of whether the present plaintiffs' building increased the lateral pressure is one of fact which cannot be decided on a motion for summary judgment. It would appear a showing that the building did not increase lateral pressure is an element of the cause of action, rather than a matter the contrary of which constitutes a defense, and therefore the burden of proof must be borne by the plaintiff (see *White* v. *Nassau Trust Co.,* 168 N. Y. 149; 1 N. Y. Jur., *supra,* § 17 and n. 6). This burden may be a heavy one, but on a motion to dismiss the complaint, the question whether there

is a probability that plaintiff can sustain his burden of proof is inappropriate. Since that portion of the judgment seeking injunctive relief would affect use or enjoyment of real property (CPLR 6501), the notice of pendency should not be canceled.

The orders should be affirmed.

HERLIHY, P. J., SWEENEY and REYNOLDS, JJ., concur with KANE, J.; GREENBLOTT, J., dissents and votes to affirm in an opinion.

Orders reversed, on the law and the facts; motion to dismiss complaint, on the merits, and motion to cancel notice of pendency granted, without costs.