■ In the Matter of the Claim of ANTHONY LIBRARO, Appellant, v OCEAN CASKET COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 15, 1976, which reversed a referee's decision and found that the claimant's injury did not arise out of and in the course of his employment. The board found: "Claimant alleges that on June 18, 1976, he was shot while working; he was having lunch and left to give a burial box to Frank Pasquale; claimant was told by his sons that Pasquale was being beaten; the claimant went to his aid and was shot in the right leg below the knee; claimant had an appointment to meet Pasquale at the warehouse. Frank Pasquale testified that he is a funeral director associated with this employer, Ocean Casket Company, and claimant is his nephew; on the date in question, he was making arrangements to pick up a casket; he went to the bank to get his payroll and proceeded to the Casket Company and was told by the claimant's sons that their father was having coffee; he started to walk with them to the restaurant and shots were fired at him. Upon review, the Board finds, based upon the credible evidence, that the claimant's being shot in the leg, upon going to the aid of the assaulted Mr. Pasquale, did not constitute an accident arising out of and in the course of employment." There is substantial evidence to sustain the determination of the board. Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.

■ HARRIS SANDERS et al., Respondents, v MAX SCHIFFER et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered August 18, 1976 in Albany County, which granted plaintiffs' motion for leave to serve an amended complaint. This matter was before the court on a prior appeal and the relevant facts are set forth in our decision thereon (46 AD2d 536). On further appeal to the Court of Appeals, our order dismissing the complaint and canceling a notice of pendency was modified to the extent that plaintiffs were granted the right to apply to Special Term for leave to serve an amended complaint upon a showing of the necessary evidentiary facts to sustain a cause of action (39 NY2d 727). Such an application was made and Special Term has granted leave to serve what plaintiffs have designated a "modified amended complaint." Upon examination of that pleading and the supporting papers, we agree with the conclusions of Special Term and its order should be affirmed. Order affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.