STATE *v.* JOHN HALEY, *Adm'r.*

*Ernest R. D'Amours,* Assistant Attorney-General (by brief and orally), for the State.

*Cooper, Hall & Grimes* (*Mr. Cooper* orally), for the administrator.

*Hughes & Burns,* for Sadie Lemire, furnished no brief.

BURQUE, J. R. L., c. 87, s. 1, headed "Taxable Property and Tax Rate" provides that "All property . . . which shall pass by will . . . or by deed, grant, bargain, sale or gift, made in contemplation of death, or made or intended to take effect in possession or enjoyment at or after the death of the grantor or donor, . . . shall be subject to a tax of eight and one-half per cent of its value. . . . "

The State claims the amount recovered by Sadie Lemire is subject to tax, because, as stated in its brief, Sadie Lemire presented a bill for services and finally recovered a judgment in contract in the sum of $8,549.75. This is error, contrary to the fact and contrary to the agreed statement of facts. Though Sadie Lemire undertook to recover on an expressed contract, this court specifically ruled that she could not because the contract involved real estate in part, and being oral when the Statute of Frauds required it to be in writing, was therefore void and unenforceable as such. *Lemire* v. *Haley,* 91 N. H. 357. The final recovery referred to above in the State's brief was strictly in *quantum meruit,* without even any reference being allowed

to be made to the alleged contract. *Id.*, 93 N. H. 206. So that what we have to consider is whether the final judgment in *quantum meruit* on this claim for care is subject to a legacy and succession tax.

To determine this the administrator takes the position that we must also consider section 38 of said statute entitled "Claims for Care," which provides: "The amount due upon the claim of any legatee . . . or of any person who is, or . . . would be an heir at law . . . arising under a contract for . . . personal care and attention, covering a period of more than six months, shall be subject to the same tax imposed by this chapter upon a legacy or succession of like amount, except to the extent that such claim is evidenced by a writing signed by the decedent containing an agreement for payment at some specified time or times within the decedent's lifetime."

These two sections are the only two which can have any relevancy to the issue in the present case, and as claimed by the administrator must be considered together to determine the legislative intent (*State v. Bank*, 75 N. H. 27, 31, and cases cited), the argument being advanced that there being no provision made to tax claims for care except those included in section 38, no other claims for care are taxable.

The statute having by section 38 undertaken to state what claims for care are taxable and why, and section 1 being silent on the subject, does it follow that claims for care not specified in section 38 are not taxable? The answer is in the affirmative unless it can be said that the tax can be assessed under section 1, as being property that passes by "bargain," for it must be conceded that here we have no property passing by will, deed, grant, sale or gift, and we have no grantor or donor. We are dealing only with a judgment in *quantum meruit* for the value of services rendered. A "bargain" is a mutual agreement; "an agreement or stipulation of any kind," 7 C. J. 919, 920; and "broad enough to include contracts," 9 C. J. S. 1540. Other authorities to the same effect are 5 Words & Phrases 170, 171, citing Restatement, Contracts, s. 4; and *Packard* v. *Richardson*, 17 Mass. 122. See also Webster's Dictionary.

*Quantum meruit* does not contemplate an expressed bargain. *Quantum meruit* refers to contracts implied in fact or to obligations imposed by law without regard to the intention or assent of the parties bound, for reasons dictated by reason and justice. *Quasi* contracts are "legal obligations arising, without reference to the assent of the obligor, from the receipt of a benefit the retention of which is unjust, and requiring the obligor to make restitution." Woodward, *Quasi*

Contracts, *s.* 3. It was on such a *quasi* contract, and not upon the expressed "bargain," that Sadie Lemire recovered judgment, and this court said in that *Lemire* case, 93 N. H. 206, 208, that "it should be borne in mind that the end sought to be attained in this class of cases is restitution for benefits received."

True it is that Sadie Lemire first undertook to set up an expressed contract and recover under it, but she failed in this. *Lemire* v. *Haley*, 91 N. H. 357. From then on her remedy was in a suit for *quantum meruit*. Though reference is made in that case to the alleged contract when it is stated at *p.* 363, that "if the alleged contract is proved, the right thus to recover will be established," the statement is made in connection with her right to recover upon *quantum meruit* and in nowise means she can recover on the contract, for that very same opinion decides the contract is not enforceable. And so of the subsequent transfers of the same case wherein references are made to the contract. In 92 N. H. 10, 11, we find this: "The issue is not whether that contract was a fair one, but regardless of its provisions for compensation, is how much the plaintiff should fairly be awarded for her services and expenses rendered and incurred in action in reliance upon the contract if it was made." And finally in 92 N. H. 358, 360: "Evidence of the oral contract in the present case was properly excluded," this in connection with the attempt on the part of the plaintiff to introduce the contract as having some bearing on the determination of the value of her services. So we find that the above statements are made only in reference to plaintiff's ability to prove her right of compensation for the services rendered.

An inheritance tax is primarily a tax on "the right to succeed to property passing by will or inheritance," and "the purpose the legislature had in view when it taxed the right to succeed to property passing by such a conveyance [one made in contemplation of death] was not to raise a revenue, but to prevent the use of such conveyances to defraud the state." *Carter* v. *Craig*, 77 N. H. 200, 205; *Kimball* v. *Badger*, 93 N. H. 345, 346, 347.

"The statute was enacted for the purpose of taxing 'the right to receive' property transmitted in different ways. All relate either to testamentary dispositions, or to dispositions of assets designed to evade the tax." *In Re Krueger's Estate*, 11 Wash. (2d) 329, 338.

It may be noted that the public policy against possible tax evasion is not substantially contravened by holding that money received in strictly *quasi contract* cases for services rendered is not taxable. Since the purpose of the statute is to prevent fraud on the State, the con-

clusion is compelled that there cannot be a tax. Section 38 of the act takes care of cases where there may be found typical attempts to so defraud, and a safeguard has been adopted to prevent the perpetration of the fraud.

We therefore conclude that no tax can be assessed in the instant case, and the order is

*Appeal dismissed.*

KENISON, J., did not sit: the others concurred.