Cheshire
No. 7082

JEAN P. NILES & *a.* v. FLORENCE K. HEALY & *a.*

SAME v. NEW HAMPSHIRE STATE LIQUOR COMMISSION & *a.*

KATHERINE T. KANE v. NEW HAMPSHIRE STATE LIQUOR COMMISSION

Rockingham
No. 7201

DONALD P. AYOTTE v. LIQUOR COMMISSION OF THE STATE OF NEW HAMPSHIRE

June 30, 1975

*Stebbins & Bradley* and *Michael L. Slive* and *Blair C. Wood* ( *Mr. Slive* orally) for plaintiffs Jean P. Niles and Nathaniel W. Niles.

*Howard B. Lane* for plaintiff Katherine T. Kane, filed no brief.

*Shaines, Madrigan & McEachern* and *Sanford Roberts* ( *Mr. Roberts* orally) for plaintiffs Donald P. Ayotte and Vickie L. Ayotte.

*Devine, Millimet, Stahl & Branch* for defendant Katherine T. Kane, filed no brief.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* assistant attorney general ( *Mr. Cleaveland* orally), for the defendant Liquor Commission.

*Sulloway, Hollis, Godfrey & Soden* and *John C. Ransmeier ( Mr. Ransmeier* orally) for Robert L. Lavoie and Norma B. Lavoie intervenors.

*Vincent J. Nardi II* for intervenor Walter Collins, filed no brief.

*Warren B. Rudman,* attorney general, and *Roger G. Burlingame,* assistant attorney general, by brief for intervenor State of New Hampshire.

LAMPRON, J. The only issue briefed and argued on these appeals is whether the defense of sovereign immunity is available to the State in these actions.

Jean P. and Nathaniel W. Niles brought actions for damages against the State liquor commission for injuries received by Jean on November 8, 1969, when she fell on wet leaves in a parking area adjacent to a commission liquor store in Walpole after making a purchase. These plaintiffs also sued Florence K. Healy and Katherine T. Kane, owner and lessor of the premises in question, and James M. Howe, manager of the store. The suit against Florence K. Healy was dismissed by agreement. Katherine T. Kane brought an action against the State for indemnification or contribution. The State's motion to dismiss these actions was granted by *Loughlin,* J., who reserved and transferred plaintiffs' exceptions.

Donald P. Ayotte brought an action for injuries received when on November 26, 1974, he slipped on a patch of ice in the parking area adjacent to the commission liquor store in Salem. His wife, Vickie, was later joined as a plaintiff by amendment. The issue of whether the defense of sovereign immunity is available to the State was reserved and transferred without ruling by *Douglas,* J.

Robert L. and Norma B. Lavoie who have pending tort actions against the State for injuries received by Norma on October 21, 1972, in a motor vehicle accident in Allenstown were allowed by this court to intervene in these appeals. Walter Collins who also has a tort action against the State was also permitted to intervene. The State was also allowed to intervene in opposition to the claims of the Lavoies and Collins that they should obtain the benefit of a decision abrogating state immunity if this should be the result reached on these appeals.

Insofar as a general abrogation of state immunity for torts is sought, this court has refused to decree such an abrogation in the cases of *John Sousa v. State of New Hampshire* and *Joseph Evans v. State*

*of New Hampshire,* decided this day. This decision is binding against any such claims made by the parties on this appeal.

Plaintiffs Niles and Ayotte argue, however, that the State through its liquor commission is engaged in a proprietary function as opposed to a governmental activity. They maintain that, even though the defense of state immunity might still prevail when the State is engaged in a governmental function, it should not be a defense in their cases when the commission is engaged in a proprietary or ordinary business activity.

A review of our cases on state immunity reveals that this court has made reference to a governmental function in *Manchester v. Guild,* 100 N.H. 507, 510, 131 A.2d 59, 61 (1957), and to a proprietary function in *Krzysztalowski v. Fortin,* 108 N.H. 187, 230 A.2d 750 (1967).

However, this court pointed out in *Merrill v. Manchester,* 114 N.H. 722, 725-26, 332 A.2d 378, 381 (1974), that in the field of municipal immunity such a distinction has not been applied with consistency or logic, resulting in an abstract and confusing principle. Having decided not to make judicial changes in the State's immunity for torts generally, we think it inappropriate to introduce distinctions in the operation of the rule based on the type of state function involved.

We hold that the motion to dismiss the Niles and Kane actions against the State was properly granted and that the defense of state immunity would prevail in the Ayotte cases.

No. 7082 - *Exceptions overruled.*
No. 7201 - *Remanded.*

All concurred.