PAUL F. RULE, III

v.

BENJAMIN C. ADAMS, COMMISSIONER,
DEPARTMENT OF EMPLOYMENT SECURITY, &a.

May 9, 1978

*New Hampshire Legal Assistance*, of Keene (*Philip P. Mangones* orally), for the plaintiff.

*Edward F. Smith* and *Paul V. Kenneally*, of Concord (*Mr. Kenneally* orally), for the New Hampshire Department of Employment Security.

PER CURIAM.   This is an appeal, pursuant to RSA 282:5 G(3), from a denial of unemployment compensation benefits. Because the judgment of the trial court in favor of defendants is supported by the evidence, we affirm.

On November 13, 1974, plaintiff Paul F. Rule filed a claim for unemployment benefits with the department of employment security. He had been unemployed since May 1974, when he left his employment at MPB Corporation, Keene, New Hampshire. He was disqualified from receiving unemployment benefits for a period of twenty-six weeks, from May 15, 1974, to November 16, 1974. RSA 282:4 A(1) (Supp. 1975). As part of his November 13 application, Mr. Rule submitted a written statement: "I was discharged from MPB June 1974 because I was working third shift and could not keep up the hours

and the company was not in a position to change my shift." On a follow-up questionnaire, dated November 25, 1974, Mr. Rule indicated that he would not limit the hours during the day he would work; but it was not until March 10, 1975, that he submitted a written statement expressly indicating that he would take a third-shift job.

On March 18, 1975, the department's certifying officer found Mr. Rule eligible for benefits commencing March 15, 1975, but denied benefits of $624 for the period of November 25, 1974, through March 10, 1975. The basis for the denial was a finding that Mr. Rule was unavailable for third-shift work. Mr. Rule appealed the denial to the department's appeal tribunal. RSA 282:5 B(6). In May, 1975, the appeal tribunal affirmed the certifying officer's determination.

It concluded that Mr. Rule failed to "show that he was ready, willing and able to accept and perform suitable work on all of the shifts during all of the hours for which there was a market for the services he offered. . . ." A trial de novo in Superior Court (*King*, J.) on the issue of Mr. Rule's availability for third-shift work resulted in a judgment for the department.

■ The only question that may be raised here is whether the trial court's findings are without evidence to support them. *Wheeler v. State*, 115 N.H. 347, 350, 341 A.2d 777, 780 (1975), *cert. denied*, 423 U.S. 1075 (1976); *see Hardware Mut. Cas. Co. v. Hopkins*, 106 N.H. 412, 417, 213 A.2d 692, 695–696 (1968).

■ Based upon the trial testimony and the administrative record before the trial court we cannot say that there was no evidence to support the conclusion that Mr. Rule was unavailable for work from November 25, 1974, through March 10, 1975.

*Exception overruled.*

BOIS, J., did not sit.