Rockingham
No. 78-012

JULIAN COHEN

v.

FRANK DEVELOPERS, INC., & a.

July 18, 1978

*Snierson & Chandler,* of Laconia (*Bernard I. Snierson* orally), for the plaintiff.

*Perkins, Holland, Donovan & Beckett P.A.,* of Exeter (*William H. M. Beckett* orally), for the defendants.

BOIS, J.  This is an action for damages for breach of an oral contract and, in the alternative, for restitution. After a trial by the Court, *Cann,* J., rendered judgment for the plaintiff and awarded him damages in his action against defendant Frank Developers, Inc. [herein-

after Frank Developers]. Judgments were entered for the defendants U.S. Gypsum Urban Development Corporation [hereinafter Gypsum Development] and U.S. Gypsum Company [hereinafter U.S. Gypsum]. During the course of the trial the plaintiff seasonably excepted to certain of the court's rulings admitting and excluding evidence. After verdict the plaintiff seasonably excepted to the denial of his motion to set aside the verdict, the failure to grant certain of his requests for findings and rulings, and the granting of certain of the defendants' requests for findings and rulings. All questions of law raised by these exceptions as well as any exceptions appearing in the transcript or appendix were reserved and transferred. We affirm.

On March 31, 1971, the plaintiff, as trustee for Newex Realty Trust, purchased an option to buy a tract of land from Virginia DeRochemont in Newington. He allegedly intended to develop a shopping center on the land. The plaintiff agreed to pay $10,000 for the option for the period ending June 30, 1971, an additional $5,000 to extend the option to August 31, 1971, and an additional $5,000 to extend the option to October 31, 1971.

At the time the plaintiff acquired this option the defendants had already begun developing a shopping center on adjacent land. That shopping center was being constructed by Frank Properties Company III [hereinafter Frank Properties] and defendant U.S. Gypsum pursuant to a joint venture agreement. Under the terms of the joint venture agreement, all contracts for development of the shopping center in excess of $10,000 had to be approved by a policy committee composed of representatives of U.S. Gypsum and Frank Properties. Defendant Frank Developers, not a party to the joint venture, assisted in preliminary planning and development of the shopping center.

In May 1971 the plaintiff met with officers of Frank Developers, who were also partners of Frank Properties. They discussed the possibility of constructing a single shopping center jointly, instead of two competing ones. Negotiations continued in June, at which time the plaintiff and Frank Developers entered into an oral contract. The terms and conditions of this contract, which were never reduced to writing, were found by the court, to be as follows:

(1) Plaintiff would receive $60,000 as consideration for his promise to let the DeRochemont option expire without exercising his right to purchase and develop the land;

(2) Plaintiff would be reimbursed for expenses he incurred in acquiring his option to purchase the DeRochemont parcel;

(3) Plaintiff would help the Frank interests obtain a commitment letter from Bradlee's, a department store, evidencing its desire to locate within the defendants' shopping center, subject to approval from existing department stores in the shopping center; and

(4) Plaintiff would help the Frank interests acquire a neighboring tract of land owned by Pauline Calderwood, which the defendants desired to add to their shopping center.

The joint venturers continued developing their shopping center. During the course of the project, U.S. Gypsum dissolved its relationship with the Frank interests, which then went out of business without assets. U.S. Gypsum took title to the shopping center in the name of Gypsum Development and completed the development with another real estate developer, Arlen Realty.

The trial court found that the plaintiff had fully performed his part of the oral agreement but was never paid by defendant Frank Developers. The court further found that the officers of Frank Developers, who were also partners of Frank Properties, represented to the plaintiff that U.S. Gypsum was engaged in a joint venture with Frank Properties. However, the court also determined that the plaintiff was put on notice that his contract with Frank Developers had to be approved by the joint venturers before they could be bound by the agreement.

In this appeal the plaintiff claims that the court erred in not finding U.S. Gypsum liable for damages and, in the alternative, liable in quasi-contract for the value of its unjust enrichment. Before we address these arguments, however, we first consider defendant Frank Developers' contention that the judgment against it should be reversed. Frank Developers has filed neither a reserved case nor a bill of exceptions. Under the superior court rules, a party who fails to file a reserved case or bill of exceptions is deemed to have waived his exceptions. Superior Court Rule 69, RSA 491:App. R. 69 (Supp. 1977) (renumbered Rule 74 effective January 1, 1977). Frank Developers was specifically notified by the clerk of court that its exceptions would be deemed waived if it did not file a reserved case. The defendant did not respond to this notice. Furthermore, in an independent but related action commenced in federal district court, Frank Developers stipulated that it took no appeal from the instant judgment against it. Now, however, the defendant desires to have the judgment reversed, relying on the statement in the reserved case that "All questions of law, raised by the foregoing exceptions or any ex-

ceptions appearing in the transcript or appendix, are reserved to transfer." The defendant's reliance is misplaced; this broad language is mere boiler-plate. It does not appear that the superior court intended by this language to transfer the defendant's exceptions despite the latter's failure both to file a reserved case or bill of exceptions and to move to be permitted to file late.

Nothing in *Silver v. First National Bank*, 108 N.H. 390, 236 A.2d 493 (1967), is to the contrary. In *Silver* this court did pass on the defendant's exceptions even though the defendant had not filed a reserved case or bill of exceptions. However, the trial court in that case, at a post-judgment hearing, had expressly granted the defendant's request that its exceptions be transferred. *Id.* at 393, 236 A.2d at 496. In addition, the reserved case in *Silver*, unlike the case before us, stated that: " 'All exceptions *taken by the parties* . . . are reserved and transferred.' " *Id.* at 393, 236 A.2d at 496. (Emphasis added.) That language made additionally clear that both parties' exceptions were reserved and transferred. We conclude that Frank Developers may not now contest the judgment against it.

Turning to the merits of the plaintiff's appeal, we first hold that the trial court did not err in holding against the plaintiff in his action for damages against U.S. Gypsum. The parties apparently agree that Gypsum Development is merely a nominal defendant, and that its interests are not distinct from those of U.S. Gypsum. Therefore, for purposes of this appeal we do not discuss Gypsum Development's liability apart from that of U.S. Gypsum.

The court made the following findings, which are not challenged on appeal and which we think are fatal to the plaintiff's claims:

> 1) The oral agreement was entered into between the plaintiff and the defendant Frank Developers.

> 2) The officers of Frank Developers (who incidentally were partners in Frank Properties) represented to plaintiff that U.S. Gypsum was engaged with Frank Properties in the joint venture.

> 3) The joint venture could not be bound by project plans which were not authorized at a duly convened and attended policy meeting.

> 4) The plaintiff had notice of Frank Properties' lack of authority to bind the joint venture.

> 5) The joint venture did not authorize any terms or conditions of the oral agreement made between the plaintiff and Frank Developers.

The plaintiff concedes that he had no contract with U.S. Gypsum and that Frank Developers was not a joint venturer with U.S. Gypsum. He argues, however, that the officers of Frank Developers, with whom he did contract, had authority to bind U.S. Gypsum either as officers of Frank Developers, an agent of the joint venture with apparent authority to bind the principal, or as partners of Frank Properties with authority to bind U.S. Gypsum as co-venturers. *See* 46 Am. Jur. 2d *Joint Ventures* § 57 (1969).

We agree that an agent may bind a joint venturer to contracts, at least if the agent acts within the scope of his authority. *Cf. Lefebvre v. Waldstein*, 101 N.H. 451, 146 A.2d 270 (1958); 46 Am. Jur. 2d *Joint Ventures* § 4 (1969). However, whether an agent has acted within his actual or apparent authority, and has thereby bound his principal, is a question for the trier of fact. *See Horseshoe Fish & Game Club v. Merrimack Village*, 112 N.H. 94, 291 A.2d 251 (1972); *Record v. Wagner*, 100 N.H. 419, 128 A.2d 921 (1957). The plaintiff's argument in this case must be rejected because it is contradicted by the trial court's explicit finding that the plaintiff had actual notice of Frank Developers' limited authority. This finding is supported by the evidence and so must stand. *See Beaudoin v. Beaudoin*, 118 N.H. 325, 386 A.2d 1261 (1978); *Rule v. Adams*, 118 N.H. 338, 386 A.2d 1258 (1978). We therefore affirm the denial of money damages against U.S. Gypsum under the plaintiff's agency theory.

We next consider whether the trial court erred in denying the plaintiff restitution. On the day of trial the court granted the plaintiff's motion to amend his action by adding the following count:

> In a plea of quasi-contract and quantum meruit in that the plaintiff as a result of the agreement set forth in the specification of the writs conferred upon the defendants certain benefits which have unjustly enriched the defendants. . . .

Under this count the plaintiff seeks recovery for two benefits he allegedly conferred on U.S. Gypsum. He contends that U.S. Gypsum was unjustly enriched by his nonexercise of his option to purchase the DeRochemont land and develop a competing shopping center on it, and by his assistance in the joint venture's endeavors to purchase the Calderwood tract. He further argues that the trial court was inconsistent in its findings and rulings regarding the gratuitousness of the plaintiff's participation in the Calderwood tract purchase.

We have recently held that quantum meruit is a restitutionary remedy intended for use by contracting parties who are in mate-

518

rial breach of a contract and thus unable to sue on it. *R. J. Berke & Co. v. J. P. Griffin, Inc.*, 116 N.H. 760, 764, 367 A.2d 583, 586 (1976). This holding does not assist the plaintiff in the instant case, in which the plaintiff admittedly did not contract directly with U.S. Gypsum, and in which the trial court correctly rejected the plaintiff's claim that the defendant incurred liability as a result of agency or joint venture. Any findings by the trial court as to the gratuitousness of the plaintiff's services apply only to the oral agreement between plaintiff and *Frank Developers.*

■ ■ We recognize that restitution does not always contemplate an express agreement. It may apply to contracts implied in fact or to obligations imposed by law without regard to the intention or assent of the parties, who are bound because of justice or reason. Legal obligations may arise from the receipt of any benefit the retention of which is unjust. *See, e.g., State v. Haley*, 94 N.H. 69, 72–73, 46 A.2d 533, 535 (1946).

■ ■ "The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity. While it is said that a defendant is liable if 'equity and good conscience' requires, this does not mean that a moral duty meets the demands of equity. There must be some specific legal principal or situation which equity has established or recognized, to bring a case within the scope of the doctrine." *American University v. Forbes*, 88 N.H. 17, 19–20, 183 A. 860, 862 (1936). "To entitle one to restitution, it must be shown that there was unjust enrichment either through wrongful acts or passive acceptance of a benefit that would be unconscionable to retain." *Nute v. Blaisdell*, 117 N.H. 228, 232, 374 A.2d 923, 925 (1977).

■ The record herein is devoid of any evidence of the existence of any agreement, oral or written, expressed or implied, between the plaintiff and U.S. Gypsum. There is no showing that U.S. Gypsum stated or implied that it would compensate the plaintiff for any forbearance in exercising the option to buy the DeRochemont tract and build a shopping center on it. There is no proof that U.S. Gypsum undertook to pay for any assistance in negotiating the purchase of the Calderwood land. There is also no evidence of any improper or wrongful acts or of any passive acceptance of a benefit that would be unconscionable to retain. Merely that U.S. Gypsum might be receiving a benefit from services furnished by the plaintiff to Frank Developers is not sufficient in itself to impose a duty of

restitution on U.S. Gypsum. *See American Fidelity Co. v. Cray*, 105 N.H. 132, 137, 194 A.2d 763, 767 (1963).

*Exceptions overruled.*

BROCK, J., did not sit; the others concurred.