Cheshire
No. 78-036

KATHERINE T. KANE

v.

NEW HAMPSHIRE STATE LIQUOR COMMISSION

October 30, 1978

*Stebbins & Bradley P.A.*, of Hanover (*David H. Bradley* orally), for the plaintiff.

*David H. Souter*, attorney general (*Andrew R. Grainger* orally), for the defendant Liquor Commission.

LAMPRON, C.J.    This is an action for contractual indemnity. Mrs. Katherine Kane, the owner of a building in North Walpole, alleges that her tenant, the New Hampshire State Liquor Commission, is contractually obligated to indemnify her for losses that she has incurred by settling a personal injury claim brought against her by a customer of the tenant, who fell on the parking lot of the leased premises. Defendant filed a motion for summary judgment, which was denied because an evidentiary hearing was necessary. The hearing was before a Master (*Charles T. Gallagher*, Esq.) who found that plaintiff's claim sounded in tort, not contract, and was barred by the doctrine of sovereign immunity. The Court (*Loughlin*, C.J.) accepted the master's recommendation that the action be dismissed. All questions of law raised by the master's report and rulings were reserved and transferred. We affirm.

The facts that give rise to the controversy have previously been before this court. *Niles v. Healy*, 115 N.H. 370, 343 A.2d 226 (1975). The defendant, the State of New Hampshire Liquor Commission, rented the ground floor of a building in North Walpole from

Mrs. Katherine T. Kane. In November of 1969, Jean P. Niles, one of defendant's customers, allegedly slipped on wet leaves in the parking lot immediately adjacent to the building and was injured. She and her husband, Nathaniel W. Niles, brought a personal injury suit against both the commission and the landlord. Mrs. Kane brought action against the State for indemnification or contribution. The trial court dismissed the State from both actions refusing to abrogate the State's immunity for torts. This court affirmed the lower court's dismissal of the State from both actions. *Id.*

After this court's decision, Mrs. Kane and Mr. and Mrs. Niles entered into a settlement. The terms included payment of $20,000 and an assignment to the Niles from Mrs. Kane of all contractual rights that she had against the State that stemmed from the accident. Mrs. Niles, the assignee, then pursued the action in Mrs. Kane's name and on February 19, 1976, was allowed to amend Mrs. Kane's original writ to include a plea of assumpsit. The amendment alleged in part that there was an implied contract between Mrs. Kane and the commission and that the latter was responsible for any costs incurred by the plaintiff arising out of the commission's use of the parking lot and in particular the settlement of the Niles claim.

After an evidentiary hearing, the master found that the defendant was neither expressly nor impliedly under contract to keep the parking area free of debris. On appeal, plaintiff claims that her right to indemnification stems from a breach of contract and that she is entitled to bring her action under the authority of RSA 491:8, which permits express or implied contract actions to be asserted against the State. Plaintiff argues alternative grounds for finding that the parties were bound by contract: First, that a maintenance contract must be implied as a matter of fact; and second, that the existence of the landlord-tenant relationship gave rise to an implied covenant.

■ ■ Plaintiff asserts that the master's conclusion that there was no implied-in-fact contract was erroneous, and at variance with the record. Specifically, she states that the evidence presented shows that the course of dealings between the plaintiff and defendant unequivocally proves the existence of a maintenance contract. The existence of an implied-in-fact contract is a question of fact. *Harrison v. Watson*, 116 N.H. 510, 363 A.2d 204 (1976). "Merely because a reading of·the record might lead one to reach a different conclusion on questions of fact is not sufficient reason to rule that the plaintiff can prevail as a matter of law." *Hahn v. Hemenway*, 96 N.H. 214, 215, 72 A.2d 463, 464 (1950). We have repeatedly stated that our

standard for review when we are asked to invalidate a lower tribunal's factual determination is whether or not the master's finding "could reasonably be made on all the evidence." *Gordon v. Gordon*, 117 N.H. 862, 865, 379 A.2d 810, 813; *Archambault v. Adams*, 118 N.H. 634, 392 A.2d 139 (1978). After reviewing the record, we hold that the master's decision, finding no implied-in-fact contract, is supported by the evidence.

The plaintiff argues, in the alternative, that the court should hold, as a matter of law, that the lease which created the landlord-tenant relationship, created certain contractual duties that were not expressly stated. Specifically, the plaintiff asserts that the tenant, by reason of an implied covenant, had the duty to keep the premises in a safe condition.

A lease is a contract and gives rise to both express and implied covenants. *Kline v. Burns*, 111 N.H. 87, 276 A.2d 248 (1971). Failure to satisfy either will give rise to a breach of contract. *Id.* In contract actions this court has found implied promises only when they have gone to the essence of the agreement. *See Wentworth Hotel v. Gray, Inc.*, 110 N.H. 458, 272 A.2d 583 (1970) (implied promise in service contract that services be performed in a workmanlike manner); *Mittersill Ski Lift Corp. v. State*, 105 N.H. 219, 196 A.2d 71 (1963) (implied promise in bailment contract that bailee will return property to bailor in good condition). *See generally* 3 A. Corbin, Contract §§ 561–65 (1960).

This same reasoning applies when interpreting leases; for a covenant to be implied it must go to the essence of the leasing agreement. The following covenants have arisen from a lease by implication: A landlord must assure quiet enjoyment of the leased premises, 3 G. Thompson, Modern Law of Real Property § 1112 (rev. 1959); 2 R. Powell, Real Property § 225 [3] (rev. 1977); a landlord must furnish a tenant with a habitable dwelling, *Kline v. Burns*, 111 N.H. 87, 276 A.2d 248 (1971); *Javins v. First Nat'l Realty Corp.*, 428 F.2d 1071 (D.C. Cir. 1970); and a tenant must not commit waste upon the premises, *United States v. Bostwick*, 94 U.S. 53 (1876); 5 R. Powell, *supra* § 636 n.3. In each of the foregoing cases the implied covenants have gone to the very essence of the letting. *See Kline v. Burns*, 111 N.H. at 93, 276 A.2d at 252.

In applying this reasoning to the present case, the master refused to hold that a covenant to sweep leaves from the parking lot

was necessary to effectuate the landlord-tenant agreement. This court will not imply such a covenant into the parties' lease.

*Exceptions overruled.*

BROCK, J., did not sit; the others concurred.