Hillsborough
No. 78-216

MANCHESTER GAS COMPANY

v.

GRIFFIN CONSTRUCTION COMPANY, INC.

AND CITY OF MANCHESTER

March 23, 1979

*McLane, Graf, Greene, Raulerson & Middleton P.A.*, of Manchester (*Stephen J. Selden* orally), for the plaintiff.

*Griffin, Harrington, Brigham & Ritzo*, of Portsmouth (*James E. Ritzo* orally), for defendant Griffin Construction Company, Inc.

*Elmer T. Bourque*, city solicitor, and *Thomas R. Clark*, of Manchester, for the city of Manchester, waived oral argument.

BROCK, J.   This is an action in assumpsit to recover money alleged to be due Manchester Gas Company, Inc. (hereinafter Gas Company) for services which it rendered in temporarily relocating a natural gas line during a sewer construction project. The Trial Court (*Mullavey*, J.) approved the recommendation of the Master (*John R. Falby, Jr.*, Esq.) that a verdict in the amount of $2,869.73 be returned in favor of the plaintiff Gas Company, against Griffin Construction Company (Griffin), and that a verdict for the defendant city of Manchester be

entered in Griffin's third-party action for indemnification. For the reasons which follow, we affirm.

In 1972, the city of Manchester contracted with Griffin for the construction of storm and sanitary sewers on several Manchester streets. As its work progressed, Griffin determined that its blasting activities would require the relocation of certain gas lines belonging to Gas Company. After consultation with the city's engineer, Griffin arranged for Gas Company to construct a temporary bypass around the excavation area. Mr. Gove, Griffin's job superintendent, signed a "Charge Order" on behalf of Griffin, which described the work to be done and provided, "performance of the work described above and billing therefore is authorized." The charge order indicated that bills were to be sent to Griffin. Gas Company was unable to give a firm estimate of the cost of the bypass prior to doing the work. Gas Company then constructed the temporary bypass, which was in use for approximately one month while blasting and excavation was going on in the area. Gas Company billed Griffin for a total of $2,869.73 for labor and materials. When Griffin refused to pay the bill, Gas Company instituted this suit. Griffin brought in the city as a third-party defendant, alleging that if Griffin was liable to Gas Company, the city should be required to indemnify it under the terms of the construction contract. The ruling that the city has no obligation to indemnify Griffin is not challenged in this appeal.

Griffin's defenses to the principal action are first, that when Griffin executed the charge order it was acting solely as agent for the city, and should not itself be liable on the contract; and second, that the Gas Company as a franchisee of the city is always responsible for moving or relocating gas lines at its own expense when public convenience or necessity requires.

■ The master found that although the city, through its engineer, was aware of the negotiations between Griffin and Gas Company, it had never agreed to assume the costs of the temporary bypass. The charge order which Mr. Gove signed indicates clearly that he did so as agent for Griffin. Nowhere does it indicate that he was acting, or purporting to act, as agent for the city. In fact, the testimony offered at trial tended to show that Gas Company specifically chose not to contract with the city because of past experience with unpaid bills. Gas Company relied on Mr. Gove's authorization to bill Griffin for the work, and without that authorization, would have been unwilling to proceed. The fact that Mr. Gove may have believed that under the terms of its contract with the city Griffin would be able to recover

these costs from the city was neither relevant to nor known by the Gas Company, and was at best a unilateral mistake. 3 A. CORBIN, CONTRACTS § 614 (1960). As far as Gas Company was concerned, Mr. Gove was acting on behalf of Griffin as the sole contracting party. *See* 2 S. WILLISTON, CONTRACTS § 284, at 333 (3d ed. 1959). The evidence did not compel a finding that, despite the language of the temporary bypass contract, Mr. Gove and Griffin were acting solely as agents for the city. *See* RESTATEMENT (SECOND) OF AGENCY §§ 320, 323(1) (1958).

■ There is no need for us to reconsider the long-standing rule that, absent express provisions to the contrary, "utilities are required to relocate their facilities at their own expense whenever public health, safety or convenience require change to be made." *Opinion of the Justices*, 101 N.H. 527, 528, 132 A.2d 613 (1957); *see* 12 E. MCQUILLIN, MUNICIPAL CORPORATIONS § 34.74a (3d ed. 1970). In this case the master found that the temporary bypass was done for the convenience of Griffin, rather than the public, and that finding was sufficiently supported by the record.

This case involves an express contract in which Griffin undertook to pay for the work it requested. We need not speculate about whether Griffin or the city could have compelled Gas Company to move its lines at its own expense without first obtaining a signed charge order and billing authorization. None of the authorities cited by the parties persuade us that the otherwise valid contract making Griffin, which requested the work, liable for that expense should be considered of no effect. *See Opinion of the Justices*, 101 N.H. 527, 132 A.2d 613 (1957) (costs shifted to State); RSA 254:24.

*Exceptions overruled.*

All concurred.