Grafton
No. 79-338

WILLIAM PRESBY

v.

BETHLEHEM VILLAGE DISTRICT & a.

June 25, 1980

*David B. Shepatin*, of Littleton, by brief and orally, for the plaintiff.

*John M. A. Rolli*, of Littleton, by brief and orally, for the defendant.

GRIMES, C.J.    The issue in this case is whether the trial court erred in finding the defendant liable for work performed by the plaintiff in the construction of a septic system upon the property of a village resident. Finding no error, we affirm.

The plaintiff, a contractor, seeks recovery for labor and materials furnished for a septic system that he installed at the home of one Smith, a resident of the Bethlehem Village District, defendant herein. The Bethlehem Village District is an area in the town of Bethlehem which is served by a sewer system. Some

residences within the district are not connected to the sewer but have their own septic systems. Such properties, however, are taxed at the same rate as other properties within the district that are connected to the sewer; thus owners of these properties pay taxes that go in part for a service they do not receive.

The Smiths live within the district but are not connected to the sewer. The plaintiff had originally performed septic system work for Smith in 1973. It appears that Smith's system had never functioned adequately; he made repeated requests of the plaintiff to correct the system, culminating in a letter dated April 12, 1977, urging Mr. Presby to repair it. The evidence revealed that sometime in 1975, Smith had learned from Howard Stone, a district commissioner, that the district would pay for septic system work performed upon the property of its residents that was not connected to the district sewer system. Smith accordingly advised Presby that upon completion of the work he need only submit the bill to the district for payment. At about the same time, the plaintiff had a conversation with Commissioner Stone regarding the district's obligation to pay for septic system work contemplated by Presby at the home of one MacLean, another district resident. Stone again confirmed that the district would pay for such jobs except for hand labor. Following his contacts with Stone and Smith, the plaintiff proceeded to install a septic system at the Smith home in July 1977 while the Smiths were away on vacation. Additional work was performed in August and the system has performed satisfactorily since.

In October 1977, the plaintiff's son submitted bills to the district commissioners for both the Smith and MacLean jobs. At that time, the commissioners indicated that both bills would be paid in a few weeks. In mid-November and again in December, the commissioners assured the plaintiff that he would be paid for the Smith job. Finally, in February 1978, the commissioners paid the MacLean bill but refused to pay for the work performed at the Smith home on the ground that the plaintiff had failed to first obtain their approval for the work. The plaintiff brought suit against both Smith and the district to determine their respective obligations.

On May 24, 1979, trial was had before *Johnson*, J., who found that the district was obligated to pay for the cost of installing septic systems for property owners whose property was not connected to the district sewer system. Accordingly, the trial court rendered judgment for the plaintiff against the district in the amount of $4,121 and against the Smiths for $225. The defendant's exceptions were reserved and transferred to this court. The Smiths

take no appeal from that portion of the court's decree against them.

The district seeks to overturn the outcome below by arguing that absent proof of either an express or an oral contract between the plaintiff and the district or Smith, Presby was not entitled to recover for the work performed. *See Manchester Gas Co. v. Griffin Construction Co.*, 119 N.H. 179, 399 A.2d 970 (1979). We think, however, that the defendant misses a crucial point. The trial court allowed the plaintiff to recover not on the basis of an express contract but rather, on the basis of an agreement implied at law.

■ ■ Contracts implied at law, commonly called quasi-contracts, "are 'legal obligations' arising, without reference to the assent of the obligor, from the receipt of a benefit the retention of which is unjust, and requiring the obligor to make restitution." *State v. Haley*, 94 N.H. 69, 72, 46 A.2d 533, 535 (1946); 66 AM. JUR. 2d *Restitution and Implied Contracts* § 2 (1973). What is more, restitutionary recovery may be available even in the absence of an express agreement. *See Cohen v. Frank Developers, Inc.*, 118 N.H. 512, 389 A.2d 933 (1978); *Nute v. Blaisdell*, 117 N.H. 228, 374 A.2d 923 (1977).

■ It is clear that the plaintiff has conferred a benefit upon the district. The fact that the work performed was upon the property of another is not dispositive. *See* 66 AM. JUR. 2d *Restitution and Implied Contracts* § 22 (1973); *Restatement, Restitution* Ch. 5 (1937). The district concedes that it has a long-established policy of paying for at least a portion of the cost of septic system work performed at the homes of its residents whose property is not served by the district sewer system. By installing the system that Smith requested, the plaintiff satisfied this duty of the defendant, thereby conferring a benefit upon it. *See Cohen v. Frank Developers, Inc., supra* at 518, 389 A.2d at 936-37.

Finally, we note that although the commissioners ultimately refused to pay for the Smith job, they did pay for the MacLean job. At trial, they sought to distinguish the two on the basis that the plaintiff inquired about the district's payment policy regarding the latter but not the former work. However, the court did not find that the district's policy required that advance approval of septic system work be acquired. It appears also that the district never questioned the amount that the plaintiff charged or the necessity for the work. We believe that on these facts, the trial court was entitled to find that the district was obligated to pay for the work performed by the plaintiff at the Smith home. Whether the facts of

a given case warrant the imposition of a restitutionary remedy is for the trial court. *Cf. Kane v. N.H. Liquor Comm'n*, 118 N.H. 706, 393 A.2d 555 (1978). In view of our conclusion, we express no opinion upon the trial court's alternate finding that the commission's agreement in October, November and December 1978 to pay for the Smith job constitutes a ratification.

■ We lastly observe that the defendant's reliance on the statute of frauds, RSA 506:2, is also misplaced. That statute has no applicability when recovery is predicated upon an agreement implied at law. *See Humiston v. Bushnell*, 118 N.H. 759, 394 A.2d 844 (1978); *State v. Haley*, 94 N.H. 69, 46 A.2d 533 (1946).

*Affirmed.*

All concurred.